**STATE of Missouri, Respondent,**

v.

**Ernest Herbert EACRET, Appellant.**

No. 55154.

Supreme Court of Missouri,
Division No. 2.

July 13, 1970.

John C. Danforth, Atty. Gen., Thomas L. Patten, Asst. Atty. Gen., Jefferson City, for respondent.

Floyd R. Baber, Platte City, for appellant.

STOCKARD, Commissioner.

Defendant was found guilty of the offense of burglary, second degree, and when the jury could not agree on the punishment, pursuant to Supreme Court Rule 27.03, V.A.M.R., the court assessed the punishment at imprisonment for a term of five years.

This case presents the unusual situation where with the consent of counsel defendant took the witness stand and judicially admitted under oath that he had committed the offense for which he was charged, but appeals and contends that even so he was entitled to an error free trial. We will briefly relate the circumstances.

In the early morning of February 8, 1969, Officer Brewer of the Platte City Police Department observed a 1951 Chevrolet in a ditch near the north entrance of the high school, and he made a record of the license number. The next morning he investigated a burglary at the school and noticed a footprint with a distinctive mark similar to a footprint where he had seen the automobile. On February 11, Officer Campbell stopped an automobile operated by defendant with the same license number as the automobile in the ditch. Defendant was taken to the police station, and later turned over to Deputy Sheriff Stevens who interrogated defendant and obtained a written confession from him that he had burglarized the school, and in which he implicated his brother-in-law, Gary Lindsey.

Defendant was charged with burglary of the high school with intent to steal, but he was not charged with stealing in connection with the burglary. Prior to trial defendant filed a motion to suppress his confession, and to suppress as evidence all property obtained by the police pertaining to the burglary and any statement of Gary Lindsey. At the hearing on the motion to suppress, Deputy Sheriff Stevens testified he told defendant that "if he would name his accomplice and tell me where I could recover the stolen merchandise from the burglaries [two schools were broken into, but in this case defendant was charged with burglary of the high school], and that if his [federal] parole officer would indicate he would violate [revoke?] his parole, I

would ask the prosecutor not to file charges against him on this." Defendant then made the statement in which he admitted his part in the burglary and in which he implicated his brother-in-law, and he had his wife bring the stolen merchandise to the sheriff's office which included two watches and a transistor radio. The court sustained defendant's motion to suppress.

At trial the written confession of defendant was not offered in evidence. However, the two watches and the radio were admitted in evidence over defendant's objection that they were items included in the motion to suppress. In addition, on the basis that defendant by his cross-examination of Officer Brewer had opened up the matter, the statement of Gary Lindsey, in which he stated that defendant had committed the burglary, was read to the jury.

Because of the result we have reached on this appeal we will make only a general statement of the contentions of defendant. He asserts it was error to admit into evidence Exhibits Nos. 1 and 3 (the watches), No. 2 (the radio), No. 4 (the paper upon which the officer had written the license number of the automobile in the ditch near the school), and No. 6 (the statement of Gary Lindsey), because they were the product of his illegally obtained confession, and also (except as to Exhibit No. 4) because "no proper chain of custody was shown." Defendant also contends it was error to admit the testimony of Officer Brewer "because said testimony violated the rights of defendant and was subject to defendant's motion to suppress." We note that there is no indication of what specific testimony of Officer Brewer is claimed to be objectionable except in argument it is stated that defendant's cross-examination "never opened the door for re-direct examination and contents of the statement made by the accomplice Lindsey." Defendant also asserts it was error to refuse to strike the testimony of Officer Campbell "derived from an unlawful arrest by said officer."

The contentions, when reduced to their basic issues, are that Exhibits 1, 2 and 3, the statement of Gary Lindsey, and the other evidence were obtained by reason of improper conduct on the part of the police officers, particularly Officer Stevens, in obtaining the confession of defendant, and for that reason were not admissible in evidence. We deem it unnecessary to rule these issues, but for the purposes of this opinion shall assume that some of these contentions have some merit. However, as previously noted, defendant took the witness stand with the consent of his counsel, after being advised by the court out of the hearing of the jury that he need not do so and that no comment nor inference could be drawn from his failure to do so, and he admitted under oath that he was guilty of the offense charged. By his testimony he also admitted the authenticity of the exhibits, and in substance he admitted the truth of the statement of Gary Lindsey.

In Motes v. United States, 178 U.S. 458, 20 S.Ct. 993, 44 L.Ed. 1150, a case of particular significance on the issue of prejudice resulting from the admission in evidence of the statement of Gary Lindsey even if it should be determined that defendant did not first inject this matter into the trial, the Supreme Court of the United States said: "[I]t would be trifling with the administration of the criminal law to award * * * [the accused] a new trial because of a particular error committed by the trial court, when in effect he has stated under oath that he was guilty of the charge preferred against him." A similar rule is followed in Missouri. See State v. Ussery, 357 Mo. 414, 208 S.W.2d 245; State v. Brown, Mo., 404 S.W.2d 179; State v. Walker, Mo., 416 S.W.2d 134; State v. McGee, Mo., 447 S.W.2d 270. In State v. Brown, supra, the defendant contended that a confession by him was not voluntary. This court said: "We have decided that we need not determine the contention as to whether the court erred in admitting the confession. This for the reason that, assuming arguendo (but not deciding) that

the statement should have been excluded, its admission could not have been prejudicial to defendant because he subsequently testified to every material fact contained therein. '[W]hen the truth of a confession is established by the very person who made it under such solemn circumstances as on oath in open court, he may not be permitted to claim error because of the use of the confession on the ground it was involuntary.' " There then followed the citation of numerous cases from this and other jurisdictions. In this case defendant's confession was not admitted in evidence, but other evidence was admitted which defendant contends came into the possession of or became known to the prosecution as the fruit of his improperly obtained confession. Such evidence tended to establish defendant's guilt, but perhaps not as persuasively as his confession would have done. We see no reason why the less persuasive evidence should be afforded greater standing than the confession.

Defendant acknowledges that what we have said presents the previously applied rule in this State. He contends, however, that Harrison v. United States, 392 U.S. 219, 88 S.Ct. 2008, 20 L.Ed.2d 1047, now requires a different result.

In the Harrison case several confessions of the accused, subsequently ruled to have been illegally obtained, were admitted in evidence. The accused testified and related his version of the facts which did not amount to an admission of guilt but did place him at the scene of the crime. The judgment was reversed on appeal because of the error in admitting into evidence the confessions. Upon retrial the testimony of the accused at the previous trial was admitted in evidence as an admission. The accused did not testify. The United States Supreme Court held that the accused's "trial testimony was the inadmissible fruit of the illegally procured confessions" and that this was so because the trial testimony "was in fact impelled by the prosecution's wrongful use of his illegally obtained confessions." The Court's opinion seems to be predicated upon a finding that the

prosecution had not dispelled an inference that the reason the accused testified was because of the use of the wrongfully obtained confessions. We do not see how in this case it could be inferred that the evidence, even if it was improper under the circumstances, impelled defendant's testimony. Unlike the testimony of the accused in the Harrison case in which there was no admission of the commission of the crime, the defendant in this case judicially admitted his guilt. Therefore, he could not have taken the witness stand, as the court found the accused did in the Harrison case, "to overcome the impact of [evidence] * * illegally obtained" when, in fact, his testimony established the truthfulness of the evidence. Whether the reasoning of the Harrison case can be equated to the factual situation of this case is extremely debatable, but for the reasons subsequently set forth, we conclude that case is not controlling.

 "The general rule is that when a defendant makes a voluntary judicial admission of fact before the jury, it serves as a substitute for evidence and dispenses with proof of the actual fact. The admission is conclusive on him for the purpose of the case." State v. Kimbrough, 350 Mo. 609, 166 S.W.2d 1077. This would be true whether the judicial admission is as to one fact or to all facts essential to the proof of the offense charged. In this case when defendant testified in his own behalf with the consent of his counsel, after a full and thorough explanation by the court of his right not to testify, and admitted under oath his guilt, it was in effect a plea of guilty. Phillips v. State, 47 Okl.Cr. 8, 287 P. 811; 23 C.J.S. Criminal Law § 909. As distinguished from the Harrison case, the pending case is to be equated to McMann v. Richardson, 397 U.S. 759, 90 S.Ct. 1441, 25 L.Ed.2d 763. There the accused represented by counsel entered pleas of guilty, and then subsequently sought relief in the federal courts on the ground that the pleas were the consequence of wrongfully obtained confessions. It was held that such pleas of guilty are not subject to a collateral attack on

the ground that they were motivated by a coerced confession unless the defendant was incompetently advised by his attorney. Here, there is no contention that counsel was incompetent, and there could not be. Applying the reasoning and result of Mc-Mann v. Richardson, a conviction after a counseled judicial admission of guilt cannot be challenged on appeal on the basis that the admission of guilt was the consequence of some improperly admitted evidence or other trial error.

We conclude that Harrison v. United States, supra, does not require the abandonment of the long established rule announced in State v. Ussery, supra; State v. Brown, supra; and State v. McGee, supra.

The judgment is affirmed.

BARRETT, C., not sitting.

PRITCHARD, C., concurs.

PER CURIAM:

The foregoing opinion by STOCKARD, C., is adopted as the opinion of the Court.

DONNELLY, P. J., MORGAN and FINCH, JJ., and KELLY, Special Judge, all concur.