STATE of Missouri, Respondent,

v.

Donald PIERCE, Appellant.

No. 10123.

Missouri Court of Appeals, Springfield District.

Sept. 13, 1977.

John D. Ashcroft, Atty. Gen., Paul Robert Otto, Ann K. Covington, Asst. Attys. Gen., Jefferson City, for respondent.

Charles M. Wesley, Waynesville, for appellant.

Before TITUS, P. J., and PARRISH, CASTEEL and HENRY, Special Judges.

GEORGE HENRY, Special Judge.

Donald Pierce appeals after jury trial and being subjected to concurrent sentences of two years by the Circuit Court of Pulaski County for burglary and stealing. § 560.-110 RSMo 1969, V.A.M.S.

Preliminary to taking the stand in his own behalf appellant, out of the presence of the jury, in the presence of his mother and on the record, acknowledged that he understood he did not have to testify and that a failure to testify would result in no unfavorable inferences. Appellant then testified and on direct examination admitted the burglary and stealing. In mitigation, he claimed to have been drunk at the time, but having sobered up the next morning he was on his way to retrieve and return the stolen property when he was stopped by one of the deputies investigating the crime.

Appellant contends that his pretrial and trial motions to suppress his statements and articles taken in the burglary were erroneously overruled because "custodial interrogation" began when he was stopped by a deputy sheriff who suspected appellant because he owned a car with wider tires on the rear than in the front and which could have made the tracks left at the scene of the burglary. The deputy sheriff asked appellant to come back to the scene of the burglary to talk to the other deputy "about a problem." On returning to the scene, appellant was asked to drive in alongside the tire tracks left at the scene. According to the state's evidence, when the tire tracks were found to match, appellant's *Miranda* rights were read to him. Appellant and a witness for him testified that his *Miranda* rights were not read until later following admissions and directions which led to recovery of the stolen items. Appellant relies upon *Miranda v. Arizona*, 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966); *Wong Sun v. United States*, 371 U.S. 471, 83 S.Ct. 407, 9 L.Ed.2d 441 (1963); *Brown v. Illinois*, 422 U.S. 590, 95 S.Ct. 2254, 45 L.Ed.2d 416 (1975); and *State v. Williams*, 522 S.W.2d 641 (Mo.App.1975).

In *Williams*, relied on by appellant, the court said, "No hard and fast rule can be established as to when custodial interrogation begins . . . ." Appellant also cites *State v. Tellez*, 6 Ariz.App. 251, 431 P.2d 691, 696 (1967), where the court, in

commenting upon *Escobedo v. Illinois*, 378 U.S. 478, 84 S.Ct. 1758, 12 L.Ed.2d 977 (1964) and *Miranda* said, "To put the matter in familiar terms, the police must have both reasonable grounds to believe that a crime has been committed, and also reasonable grounds to believe that the defendant is the one who committed it. A.R.S. § 13–1403, subsec. 4. We believe that the point where the warning must be given is when the two generally coincide, for from that point forward the police can be expected to pursue the case against the defendant with vigor. The police must have focused generally upon the crime so that they would have cause for arrest without a warrant. . . . The time for caution is when the arrest could be made. Everything prior to that time may reasonably be considered 'the general on the scene questioning' which is permissible . . . ." With this we agree. The suspicion in the deputy sheriff's mind arising from the knowledge that appellant owned a car with similar tires remained as suspicion only until a comparison showed them to match. Only then was there probable cause to arrest and charge appellant with the crime. The State's evidence was that this was when the *Miranda* warning was given. The court properly overruled appellant's motions to suppress.

■ Even assuming the motion to suppress was erroneously overruled, appellant's claim must fail. He took the stand and admitted the crime. In the case of *State v. Bradford*, 462 S.W.2d 664, 669 (Mo.1971), the supreme court cited *Motes v. United States*, 178 U.S. 458, 476, 20 S.Ct. 993, 1000, 44 L.Ed. 1150 (1900) wherein the Supreme Court of the United States said, "It would be trifling with the administration of the criminal law to award * * * (the accused) a new trial because of a particular error committed by the trial court, when in effect he has stated under oath that he was guilty of the charge preferred against him." Missouri has followed this rule in other cases. See *State v. Williams*, supra, 522 S.W.2d 641; *State v. McGee*, 447 S.W.2d 270, 275 (Mo. banc 1969); *State v. Eacret*, 456 S.W.2d 324 (Mo.1970).

■ In a point raised for the first time in appellant's brief, appellant contends that the court abused its discretion in denying his request to invoke the rule to exclude witnesses from the courtroom. In the case of *State v. Gordon*, 536 S.W.2d 811, 814 (Mo.App.1976), the court said, "Appellate Courts, being courts of review, generally are precluded from affording review to trial court errors which have not in the first instance been presented to the trial court in a Motion for New Trial." Considering the fact that appellant admitted the crime during his direct testimony, we find that no injustice or miscarriage of justice will result from refusal to invoke the plain error doctrine of Rule 27.20(c), V.A.M.R.

Judgment affirmed.

All of the Judges concur.