STATE of Missouri, Respondent,

v.

Harold E. WHEELER, Appellant.

No. WD 40640.

Missouri Court of Appeals,
Western District.

Feb. 7, 1989.

James Wheeler, Keytesville, for appellant.

Michael Midyett, Pros. Atty., Keytesville, for respondent.

Before FENNER, P.J., and SHANGLER and BERREY, JJ.

BERREY, Judge.

A jury found the defendant guilty of driving while intoxicated, a Class B misdemeanor and he was sentenced to pay a fine of $300, crime victim compensation and costs. It is from this guilty verdict that the defendant appeals.

Defendant alleges three points of error: (1) the court erred in permitting the state to use the results of a "Nystagmus" test; (2) the state was permitted to interrogate defendant as to attorney-client relationship and; (3) the court erred in permitting the state to offer testimony about a paper cup, when such cup had not been disclosed in discovery.

Briefly stated, the facts disclose that the defendant was on his way home around 2:00 a.m. He had been to his farm where he had checked on his heifer that was about to calve. He stopped at the local tavern for one beer following his agrarian duties. En route home he turned on his bright lights within fifty feet of the trooper. This act caused the trooper to turn around, engage his emergency equipment and stop the defendant. At this time defendant's car crossed the center line, "then went off the edge of the road to the right, down through a ditch, a slope, and then came back out on the road...." Defend-

ant then came to a stop in the south bound lane of traffic.

The trooper went through the usual litany regarding the condition of the defendant. He testified the defendant "had trouble producing his driver's license, fumbled with it a little bit." The odor of alcohol was coming from inside the vehicle. The defendant appeared to have urinated on himself and his face was slightly flushed. Defendant did not perform the heel-to-toe test satisfactorily. He was instructed to take six steps and he did not take the correct number of steps. He lost his balance when turning around. Defendant failed "the one-leg-stand test." In this test the defendant is instructed to stand on one foot and raise the other off the ground while the trooper counts to thirty using the figures 1001, 1002, etc. The defendant failed this test because he put his foot down at least three times. Defendant explained he has osteomyelitis in one leg. Defendant was unable to recite the alphabet and explained that it had been at least twenty years since he was called upon to so recite.

Finally, the officer administered the "horizontal gaze nystagmus test." The trooper was permitted to testify about giving this test and what it purports to prove over defendant's objections. The trooper then took defendant to Brookfield, the location of the closest breathalyzer. The trooper's testimony established that he was a Type III permit holder, that he followed all of the guidelines in setting up the machine and administering the test. Over the objection of defendant's counsel the trooper testified defendant tested .178ths percent of one percent by weight blood alcohol content.

■ Missouri has yet to recognize the "horizontal gaze nystagmus test" as a legitimate tool in determining intoxication. The defendant's objection to the introduction of this evidence was overruled by the trial court. By overruling this objection the trial court erred. The state offered no foundation evidence scientific or medical, as to the acceptance of this test in the scientific community. The testimony in

question was given by a trooper who merely held a Type III permit from the Division of Environmental Health and Epidemiology.

The determination of whether this test is to be recognized and accepted in this state must wait for another case, hopefully, a case in which both parties will fully develop the issues.

■ There is ample evidence on the record from which the jury could have arrived at its verdict. The erroneous use of the test results was prosecutorial overkill and did not prejudice the jury. Defendant's Point I is denied.

■ Defendant claims as his second point that the court failed to protect the attorney-client privilege.

The privilege issue initially arose as a result of extensive examination by the state into whether or not defendant and his attorney had discussed the trooper's report and as to when defendant hired his counsel. After extensive questioning, defendant's counsel finally stated, "[o]bject to this line of questioning as privileged, absolutely privileged." Obviously, the objection was in no sense timely. The court in *Kilgore v. Linville*, 733 S.W.2d 62, 65 (Mo.App.1987), held that when there is no objection until after the evidence is given and "the objecting party does not move to strike the evidence or withdraw it from the jury's consideration, the question of admissibility is not reviewable." We take up the point ex gratia. The specific question that defendant objected to, after the state had proceeded in this area for several transcript pages, was: "And you've discussed this matter with him?" At this point the objection was made and though the court overruled the objection, the question was never answered. The state continued along this tack for several more transcript pages, after which the following exchange took place:

Q. Okay. And you knew about the alphabet, what he stated about the alphabet, also. That was in his report; was it not?

A. I never saw it before.

Q. Well, I know, but, Mr. Wheeler discussed it with you; did he not?

A. No.

Q. MR. WHEELER: I'm going to object to what we discussed as being privileged.

THE COURT: Sustained. I think we're getting a little too close to privileged communications. That will be sustained.

At this point the interrogation of the defendant concerning his conversation with his attorney was concluded. Defendant's Point II is denied.

■ Defendant alleges in Point III that the trial court erred in permitting reference by the trooper to a plastic cup that the trooper found in defendant's truck because information concerning this occurrence had not been disclosed to the defendant prior to trial.

At trial the defendant did not timely object to this evidence and by failing to object has preserved nothing for our review. Absent a timely objection the claim of error is foreclosed. *Cooper v. General Standard, Inc.*, 674 S.W.2d 117, 122 (Mo.App.1984).

Defendant's attorney then exacerbated the matter by entering into lengthy cross-examination about the cup. Assuming arguendo the evidence was not admissible defendant invited the continuation of the error by his cross-examination. Point III is denied.

The judgment is affirmed.

All concur.