STATE of Missouri, Respondent,

v.

Anthony Jude CRANE, Appellant.

No. WD 45999.

Missouri Court of Appeals, Western District.

Oct. 20, 1992.

Motion for Rehearing and/or Transfer to Supreme Court Denied
Nov. 24, 1992.

Frederick P. Tucker, Asst. Public Defender, Moberly, for appellant.

James Bradley Funk, Asst. Pros. Atty., Macon, for respondent.

Before KENNEDY, P.J., and SPINDEN and SMART, JJ.

SPINDEN, Judge.

Anthony Jude Crane appeals his Class A misdemeanor conviction for driving while intoxicated. In a judge-tried case, the trial court found him guilty and sentenced him to one year in jail and fined him $350. Crane contends that the trial court erred by allowing the arresting officer to testify concerning statements made by Crane before he was advised of his rights and for allowing the officer to give his opinion of whether or not Crane had been driving while intoxicated. Crane also complains that the court's finding that he had been driving while intoxicated was not supported by substantial evidence. We disagree with these contentions.

During the early morning hours of November 8, 1991, Macon Police Officer Roger Rutledge investigated why Crane's van was parked in the middle of a Macon intersection. When Rutledge arrived at the scene, Crane was standing beside Larry Taylor who was lying in the street next to the van on the driver's side just behind the front tire. The van's lights were on. Taylor told Rutledge that he had been run over and asked for assistance.

Rutledge suspected that Taylor and Crane were intoxicated. Rutledge smelled a strong alcohol odor.

Rutledge asked Crane for an explanation. Crane responded that he "just drove up on" Taylor as he lay in the road, but he drove around him. Crane said he decided to back up to check on him. Rutledge then asked Crane whether he had been drinking, and Crane responded that he had.

Rutledge observed that Crane's eyes were bloodshot, that he was unsteady on his feet, and that he mumbled. He conducted field sobriety tests. Crane recited the alphabet only to the letter "V." Crane was unable to put his finger to his nose as Rutledge instructed. Rutledge placed Crane under arrest and took him to the sheriff's office where he informed Crane, for the first time, of his civil rights. Rutledge conducted a breath test on a BAC Verifier machine, and Crane's breath registered .241 blood alcohol content.

Crane insisted at trial that he did not drive the van to the scene. He testified that he had been at a bar for about five hours just before the incident. He said that he had parked his van about a block from the bar at a friend's house where he planned to spend the night. Crane said that he left the bar and went to his van to sleep because his friend was still at the bar. He testified that an hour and a half later he was awakened by the screams of Taylor, who had his foot pinned by one of the van's tires. The van was about a mile from where Crane had parked it, he said, and he did not know how the van had moved.

Crane testified that the reason he had confessed to driving the van was to protect Taylor who had told him that he had been convicted of driving while intoxicated four times. Crane said that he decided "to take the fall" for Taylor.

■ Crane contends that the trial court should not have allowed Rutledge to quote any statement he made before being advised of his civil rights. We disagree. Rutledge was making a routine, on-the-scene investigation. He had a right to seek preliminary information from Crane as a potential witness without advising Crane of his rights.

■ A person who is being asked preliminary, investigatory questions by police is not in custody. *State v. Mouser*, 714 S.W.2d 851 (Mo.App.1986). Even if Rutlege had suspected that Crane had been driving while intoxicated, Crane was not under arrest or otherwise restrained. Rutledge's questions did not constitute a custodial interrogation. *State v. Sanad*, 769 S.W.2d 436 (Mo.App.1989). Crane was not entitled to an explanation of his civil rights at that point. *State v. Pierce*, 556 S.W.2d 216 (Mo.App.1977). Moreover, an officer's mere suspicion is not enough to render his questions a custodial interrogation. *State v. Bradley*, 670 S.W.2d 123, 127 (Mo.App. 1984). Because Crane's statements were the product of an investigation rather than an interrogation, the trial court properly allowed Rutledge to testify concerning Crane's statements.

■ Crane further argues that the trial court erred in allowing Rutledge to give his opinion of whether or not Crane had been driving the van. In response to the state's questions, Rutledge testified that his opinion was that Crane was intoxicated and that Crane was operating a motor vehicle while intoxicated. He acknowledged that he had not seen Crane driving the van. Assuming that the opinions were erroneous, we fail to discern prejudice to Crane.

■ Section 577.001.1, RSMo 1986, defines "operating" as "physically driving or operating or being in actual physical control of a motor vehicle." Physical control occurs when "even though the machine merely stands motionless, ... a person keeps the vehicle in restraint or in a position to regulate its movements." *State v. O'Toole*, 673 S.W.2d 25, 27 (Mo. banc 1984) (quoting *City of Kansas City v. Troutner*, 544 S.W.2d 295 (Mo.App.1976)). It is not necessary for an officer to see an accused driving a vehicle to establish that the accused had control over the vehicle.

The evidence showed that the van belonged to Crane, that he was standing next to it, and that the van was in the middle of the intersection with its lights on. Crane admitted driving the van to the scene. It was apparent that Taylor was not the driver. He told Rutledge that he had been run over. He was lying next to the van's front left tire. This evidence was sufficient to establish Crane's control over the vehicle and to support the court's conclusion that Crane drove the vehicle.

■ Thus, even if the court erroneously admitted Rutledge's opinions, substantial evidence existed for the court to make its own determination that Crane had driven the van to the scene. It is not reversible error to admit normally inadmissible evidence over objection when the evidence is cumulative. *State v. Richardson*, 340 Mo. 680, 102 S.W.2d 653, 656 (1937); *State v. Bailey*, 783 S.W.2d 490 (Mo.App.1990). Moreover, "in a court tried case it is practically impossible to predicate reversible error on the erroneous admission of evidence.... The party making that conten-

tion must demonstrate the absence of sufficient competent evidence to support the challenged judgment." *Estate of Helmich,* 731 S.W.2d 474, 479 (Mo.App.1987). Crane's point is without merit.

■ Finally, Crane contends that the trial court's finding of guilt was not supported by substantial evidence. We disagree. The evidence outlined above was sufficient to support the court's judgment. The judgment is affirmed.

All concur.