**STATE of Missouri, Respondent,**

v.

**Anola F. MYERS, Appellant.**

No. 21049.

Missouri Court of Appeals,
Southern District,
Division Two.

March 17, 1997.

Judith C. LaRose, Asst. Public Defender, Columbia, for appellant.

Jeremiah W. (Jay) Nixon, Attorney General, Theodore A. Bruce, Asst. Atty. Gen., Jefferson City, for respondent.

CROW, Presiding Judge.

A jury found Appellant guilty of the class D felony of driving while intoxicated. §§ 577.010.1 and 577.023.3, RSMo 1994. The trial court imposed a prison sentence. This appeal followed.

Appellant's sole point relied on maintains the evidence was insufficient to support the conviction in that the only evidence the State presented to prove intoxication was the arresting officer's testimony that Appellant failed the "horizontal gaze nystagmus" ("HGN") test. Citing *State v. Wheeler*, 764 S.W.2d 523 (Mo.App. W.D.1989), Appellant asserts: "Missouri does not recognize this test as a legitimate tool in determining intoxication."

What *Wheeler* actually said was: "Missouri has yet to recognize the [HGN test] as a legitimate tool in determining intoxication." *Id.* at 524. In *Wheeler*, the State offered no foundation evidence, scientific or medical, as to the acceptance of the HGN test in the scientific community. *Id.* Emphasizing the absence of such evidence, *Wheeler* held:

> "The determination of whether this test is to be recognized and accepted in this state must wait for another case, hopefully, a case in which both parties will fully develop the issues."

*Id.* at 525.

Such a case came four years later: *State v. Hill*, 865 S.W.2d 702 (Mo.App. W.D.1993). The evidence regarding scientific acceptance of the HGN test is set forth there, *id.* at 703–04, and need not be repeated here. *Hill* held:

"The State established that the HGN test has achieved general acceptance within the behavioral science community. We find that when properly administered by adequately trained personnel, the HGN test is admissible as evidence of intoxication."

*Id.* at 704[2].

■ In the instant case the arresting officer had been trained in administering the HGN test. Appellant does not challenge the officer's qualifications to conduct the test.

Furthermore, contrary to Appellant's assignment of error, her failure of the HGN test was not the only evidence she was intoxicated. The arresting officer testified Appellant had bloodshot, watery eyes and a "moderate smell of alcohol coming from her breath."

■ Additionally, the officer asked Appellant to perform other field sobriety tests and to submit to a breathalyzer test. Appellant refused. Her refusal was admissible as evidence of intoxication. *State v. McCarty*, 875 S.W.2d 622, 623[7] (Mo.App. S.D.1994); *see* § 577.041.1, RSMo 1994.

Finally, the arresting officer testified that in his opinion Appellant was intoxicated. His opinion was sufficient evidence of intoxication to support the conviction. *State v. Meanor*, 863 S.W.2d 884, 887[3] (Mo. banc 1993).

Judgment affirmed.

PARRISH, J., and MONTGOMERY, C.J., concur.