**STATE of Missouri, Plaintiff–Respondent,**

v.

**Evert G. FRANKS, Defendant–Appellant.**

**No. 28076.**

Missouri Court of Appeals, Southern District, Division One.

July 18, 2007.

---

Ellen H. Flottman, Columbia, MO, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Joan E. Reed, Asst. Atty. Gen., Jefferson City, MO, for Respondent.

JEFFREY W. BATES, Judge.

Evert Franks (Defendant) appeals from his conviction after a bench trial for driving while intoxicated in violation of § 577.010.[1] The only issue presented by Defendant's appeal is whether the trial court erred in the admission of evidence at trial. Because the challenged evidence was cumulative of other properly-admitted evidence, this Court affirms.

Defendant does not challenge the sufficiency of the evidence to support his conviction. Viewed in a light most favorable to the judgment, the following facts were adduced at trial. On February 25, 2005, Jennifer Wittman was working as a police officer for the City of Diamond, Missouri. At approximately 11:00 p.m., Officer Wittman initiated a traffic stop of a van that had no taillights. Defendant was driving the van. He appeared confused, and his speech was slurred. His eyes were watery and bloodshot. Officer Wittman also smelled the "very strong" odor of intoxicants on Defendant's breath and observed unopened bottles of alcohol in the van. Officer Wittman obtained Defendant's identification card and returned to her patrol car. While she was doing so, Defendant tried to hide by driving his van down the shoulder of the road and pulling into a private driveway. Officer Wittman had to pursue Defendant in her patrol car. When Defendant got out of the van, he was staggering and wobbling. Officer Wittman asked Defendant if he had been drinking, and he admitted that "he had a few beers."

---

1. All references to statutes are to RSMo (2000) unless otherwise specified.

After backup officers arrived, Officer Wittman performed three field sobriety tests on Defendant. The first was the horizontal gaze nystagmus (HGN) test. Defendant failed the HGN test due to jerking in both of his eyes. The next test was the walk-and-turn test. Defendant could hardly walk because he was swaying, stumbling and "falling over." When he attempted to turn at the mid-point of the test, Officer Wittman had to grab Defendant to keep him from falling and injuring himself. She stopped the test for safety reasons. Defendant failed the walk-and-turn test because he stepped off the line more than three times. The final field sobriety test was the one-legged stand. Defendant failed this test as well.

Officer Wittman arrested Defendant for driving while intoxicated and transported him to the Newton County jail so Defendant's blood alcohol content could be tested. Once Defendant arrived at the station, he was read his *Miranda* rights by Officer Wittman.[2] The breathalyzer test was to be performed by Neosho Police Officer Aaron Gooch. Officer Gooch read Defendant the Implied Consent warning. *See* § 577.041.[3] Defendant said he understood the warning and initially agreed to be tested. When he was asked to take the test, however, he asked for an attorney and said that he needed time to let the alcohol wear off. Due to a discrepancy between Officer Wittman's watch and the clock on the breathalyzer, Defendant was asked to take the test before his 20 minutes to contact an attorney had elapsed. He declined and was not given the breathalyzer test. Both Officers Wittman and Gooch had received training in how to recognize someone un-

der the influence of alcohol. Based on their observations of Defendant (which had spanned from one to two hours), both officers opined that Defendant was intoxicated. According to Officer Wittman, Defendant was "extremely intoxicated."

Prior to trial, Defendant filed two motions to suppress. The first motion sought to suppress his refusal to take the breathalyzer test because he was not given his full 20 minutes to contact an attorney as required by § 577.041. The second motion sought to suppress the statement Defendant made to Officer Gooch about needing time to let the alcohol wear off.[4] During a pretrial hearing, the prosecuting attorney conceded the first motion, but he opposed the second motion. He advised the trial court that Defendant's statement to Officer Gooch would only be offered "to show that [Defendant] admits that he'd been drinking alcohol beforehand." The prosecutor did not intend to argue Defendant's refusal to take the test showed consciousness of guilt or indicated that Defendant knew he was intoxicated. Agreeing that "refusal is not an issue," the court overruled Defendant's second motion to suppress. At trial, Defendant renewed his objection to Officer Gooch's testimony about the statement. The trial court overruled the objection and allowed the testimony.

■ After Defendant was convicted, this appeal followed. The only issue presented by Defendant's appeal is whether the court erred in admitting Defendant's statement to Officer Gooch. For the reasons set

**2.** *See Miranda v. Arizona,* 384 U.S. 436, 86 S.Ct. 1602, 16 L.Ed.2d 694 (1966).

**3.** All references to § 577.041 are to RSMo Cum.Supp. (2004).

**4.** The motion alleged that admission of this statement would violate Defendant's constitu-

tional rights granted by the Fifth, Sixth and Fourteenth Amendment of the federal constitution; his constitutional rights granted by art. I, § 18 of the state constitution; and his statutory rights granted by § 577.041.

forth below, we find it unnecessary to decide this question.

A trial court has broad discretion to admit evidence at trial. *State v. Forrest*, 183 S.W.3d 218, 223 (Mo. banc 2006). Appellate review of such an evidentiary ruling is for prejudice, rather than mere error. *Id.* at 223. Trial court error in admitting evidence is not prejudicial "unless there is a reasonable probability that the trial court's error affected the outcome of the trial." *Id.* Assuming the trial court erred in admitting Defendant's statement to Officer Gooch, Defendant was not prejudiced for two reasons.

■ First, it is nearly impossible to obtain a reversal based upon the improper admission of evidence in a court-tried case. *State v. Crane*, 841 S.W.2d 271, 273 (Mo. App.1992). To do so, the appealing party must demonstrate the absence of sufficient competent evidence to support the challenged judgment. *Id.* at 273–74. To convict Defendant of driving while intoxicated, the State only needed to prove that he operated his vehicle while in an intoxicated condition. § 577.010.1. A person is in an intoxicated condition if he or she is under the influence of alcohol. § 577.001.2; *State v. Madorie*, 156 S.W.3d 351, 356 (Mo. banc 2005). Defendant has not even attempted to show how the State failed to meet its evidentiary burden here. Disregarding the challenged statement, the other evidence to support Defendant's conviction was overwhelming. Defendant exhibited the following signs of intoxication: (1) confusion; (2) slurred speech; (3) watery and bloodshot eyes; (4) the very strong odor of intoxicants on his breath; and (5) a staggering and wobbling walk. There were unopened bottles of alcohol in his van. Defendant attempted to flee from Officer Wittman after the initial traffic stop, which indicates consciousness of guilt. *See, e.g., State v. Holleran*, 197 S.W.3d 603, 611 (Mo.App.2006). When Defendant was asked if he had been drinking, he admitted that "he had a few beers." Defendant failed the HGN, walk-and-turn and one-legged stand field sobriety tests, which is another indication that he was intoxicated. *See State v. Poole*, 216 S.W.3d 271, 276 (Mo.App.2007); *State v. Myers*, 940 S.W.2d 64, 65 (Mo.App.1997). Officers Wittman and Gooch testified, as trained observers, that Defendant was intoxicated. In sum, even if Defendant's statement to Officer Gooch had been excluded, there was overwhelming evidence to support the trial court's judgment that Defendant was guilty of driving while intoxicated. *See, e.g., State v. Adams*, 163 S.W.3d 35, 37 (Mo.App.2005); *Myers*, 940 S.W.2d at 65; *State v. Wilson*, 846 S.W.2d 796, 798 (Mo. App.1993).

■ Second, during questioning at the scene, Defendant admitted consuming a few beers. Officer Wittman's testimony to that effect was admitted without objection. Defendant's statement to Officer Gooch, which was only admitted for the limited purpose of serving as an admission that he had been drinking before he was stopped, was entirely cumulative of Officer Wittman's testimony. "Erroneously admitted evidence is not considered prejudicial where similar evidence is properly admitted elsewhere in the case or has otherwise come into evidence without objection." *State v. Collis*, 139 S.W.3d 638, 641 (Mo.App.2004). Therefore, even if Officer Gooch's cumulative testimony was improperly admitted, the alleged error was harmless. *See, e.g., id.* at 642; *State v. Lawrence*, 64 S.W.3d 346, 355 (Mo.App. 2002); *State v. Slankard*, 74 S.W.3d 271, 274 (Mo.App.1999). Our conclusion is not affected by the fact that Defendant claims the admission of this evidence violated his constitutional rights. "When evidence challenged on constitutional grounds is cumulative of other properly-admitted evi-

dence, the disputed evidence could not have contributed to the defendant's conviction and is harmless beyond a reasonable doubt." *State v. Lopez,* 128 S.W.3d 195, 202 (Mo.App.2004). Point denied.

The judgment of the trial court is affirmed.

PARRISH, P.J., and SCOTT, J., Concur.