

# In the Missouri Court of Appeals
# Eastern District

## DIVISION FOUR

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | No. ED103520 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Rex M. Burlison |
| TYRONE TAYLOR, | ) | |
| | ) | |
| Appellant. | ) | FILED: August 23, 2016 |

## Introduction

Appellant Tyrone Taylor ("Taylor") appeals from the judgment of the trial court. Following a bench trial, Taylor was found guilty of one count of second-degree murder and one count of armed criminal action for the death of Antoine Bryant ("Bryant"). Taylor avers that there was insufficient evidence to support a guilty verdict, that the trial court erred in allowing emotional testimony of the victim's mother that was extremely prejudicial and served no purpose other than to inflame the passions of the fact-finder, and that the trial court plainly erred in not striking portions of the State's closing argument which stated facts not in evidence.

The record contains sufficient evidence to support Taylor's convictions of second-degree murder and armed criminal action. Further, Taylor failed to show any outcome-determinative prejudice resulting from testimony of victim's mother. Lastly, the State's closing argument

argued facts in evidence and reasonable inferences therefrom. We affirm the judgment of the trial court.

## Factual and Procedural History

The following evidence, viewed in the light most favorable to the verdict, was presented at Taylor's bench trial. Bryant was with friends when he decided to go for a ride on a moped. Alberto Garcia ("Garcia") was stopped at an intersection when he saw "an individual ... on a small motorcycle or scooter," later identified as Bryant, make a left turn in front of him. Garcia also observed a second person, later identified as Taylor, emerge from an alley and shoot a gun at Bryant. Garcia testified that Taylor shot at Bryant "seven or eight times."

Garcia observed that Bryant, the person on the moped, had "something darker" in his hand, but he could not tell what it was. Garcia testified that both individuals "had objects in their hand" when the shooting occurred. Garcia opined that there were two different guns involved because he heard two different types of gunshots: "One was higher. The other one was lower." Garcia called 911 and subsequently spoke to the police officers responding to the scene. At that time, Garcia did not mention to the police, nor did the police ask about, whether he saw an object in Bryant's hand.

Finally, Garcia testified that a motorcycle cannot be operated using just one hand: "You cannot drive a motorcycle with one hand. If the gas is on the left-hand side, you can't drive with one up in the air. So I don't know which one is the accelerator on the left or—."

Louquine Rollins ("Rollins") also witnessed the shooting and testified at trial. Rollins was in her side yard when the shooting occurred. Rollins had a clear view of the street and alley in question. Rollins stated that she saw Taylor, coming out of the alley toward Bryant, who was riding a moped. Rollins testified that Taylor was shooting at Bryant and that Bryant was "trying to get out of there." Rollins was "confident" that Taylor was the shooter. She heard "about"

2

eight shots. Rollins testified that she did not see a gun in Bryant's hand, never saw Bryant shoot at Taylor, and did not hear shots coming from Bryant's direction. Rollins testified that Bryant had "both his hands on the grips" of the moped and never removed them:

> Q. Ms. Rollins, as you saw the young man on the moped ride by, did you ever see him remove his hands from the—I think you call them the grips on the moped?
> A. For the accelerator.
> Q. Okay. So the accelerator, like, where we put our hands if we're riding a moped. Did he ever remove his hand from that area?
> A. No.

After the shooting, Bryant rode his moped back to where he had been with his friends. Bryant's friend, Breanna Brown ("Brown"), testified that Bryant told his friends he had been shot by Taylor. Brown further testified that she was with Bryant before and after the shooting and did not observe him in possession of a gun. Bryant was taken to the hospital by ambulance where he later died from the gunshot wounds.

Several police officers and evidence technicians investigated the crime scene, where they found shell casings and bullet fragments, but could not determine the location of the shooter. The analysis of the ballistic evidence could not establish if the cartridge casings were from the same gun or two different guns. The medical examiner testified that Bryant was struck in the leg and back by two bullets. The bullet that caused Bryant's death struck Bryant in the back and lodged in his chest.

Taylor testified that he acted in self-defense when he shot Bryant. Taylor said that he and Bryant were "feuding" at the time of the shooting and had a prior altercation. Taylor claimed that he saw Bryant earlier on the day of the shooting, and Bryant immediately started going for a gun. Taylor ran into a nearby alley. Taylor testified that when he came out of the alley, Bryant again "started going for a gun." Taylor testified that he feared for his life and "had no other

3

choice" but to reach for his own gun and shoot at Bryant. Taylor could not say who shot first, but said that he fired his gun approximately five times.

Bryant's mother, Lawanda Phillips ("Phillips"), testified at trial about learning that her son had been shot, and her subsequent identification of his body at the hospital. Phillips recounted her experience at the hospital before identifying her son's body. Phillips explained that the doctor told her he had "opened up" Bryant, that there was "blood everywhere," and that Bryant was not going to make it. Phillips testified that she fainted upon learning her son was not going to live.

Taylor moved for judgment of acquittal at the close of the State's case and at the close of all evidence. The trial court denied both motions.

During closing argument, the State made the following statement:

Ms. Rollins told you she was on the side of her house and could see [Taylor] shooting from the alley and then in the middle of the street at [Bryant]. [Bryant's] hands never left the moped. They continued riding on that moped. And to operate a moped efficiently, you need both hands. One side is the throttle. One side is the brakes. [Bryant's] hands never left the moped. He just tried to get out of there as quickly as he could on the transportation that he had.

The trial court found Taylor guilty of second-degree murder and armed criminal action. The trial court subsequently sentenced Taylor to twenty-five years' imprisonment. This appeal follows.

## Points on Appeal

Taylor raises three points on appeal. First, Taylor contends there was insufficient evidence to support a guilty verdict for the charges of second degree murder and armed criminal action. Specifically, Taylor argues the evidence was insufficient because the only evidence of Taylor's guilt was Rollins's testimony, which was inconsistent with other witness testimony and the physical evidence. Second, Taylor argues the trial court erred in allowing Phillips to testify

4

about her experience at the hospital because her testimony was not legally or logically relevant, was inadmissible, and was extremely prejudicial. Finally, Taylor claims that the trial court plainly erred in not *sua sponte* striking the State's comments during closing argument about how to operate a moped, which Taylor posits states facts not in evidence.

## Discussion

### I.     Point One—Sufficiency of the Evidence

Taylor's argument as to the sufficiency of the evidence hinges entirely upon his claim that the only evidence to support the guilty verdicts was the testimony of Rollins, which was inconsistent with other witness testimony and the physical evidence collected at the scene of the shooting.[1]

#### A.     Standard of Review

"We review challenges to the sufficiency of the evidence to determine whether there is sufficient evidence in the record from which a reasonable factfinder could conclude that the defendant was guilty beyond a reasonable doubt." State v. Pate, 469 S.W.3d 904, 913 (Mo. App. E.D. 2015). "We accept as true all evidence and reasonable inferences in favor of the State and disregard all evidence and inferences to the contrary." Id.

Thus, the focus of our review when addressing a claim challenging the sufficiency of the evidence is to look at "the elements of the crime and consider each in turn." State v. Hines, 377 S.W.3d 648, 655 (Mo. App. S.D. 2012). "The elements of an offense are derived from the statute establishing the offense or, when relevant, common law definitions." State v. Myles, 479 S.W.3d 649, 660 (Mo. App. E.D. 2015). The State must present sufficient evidence of each element of the offense. Id.

---

[1] Taylor's brief on appeal is devoid of any argument about how or why Rollins's testimony conflicted with the physical evidence collected at the scene of the shooting.

B.    Analysis

A person commits the crime of second-degree murder if he knowingly causes the death of another person. Section 565.021.1.[2] Taylor does not deny that he caused Bryant's death, but maintains that he acted in self-defense only after Bryant reached for a gun.

Taylor offered the testimony of Garcia to support his theory of self-defense. Garcia testified that he witnessed "something darker" in Bryant's hand at the time of the shooting. Rollins's testimony directly conflicted with Garcia's testimony. Rollins testified she was certain Bryant had both of his hands on the handles of the moped when the shooting occurred.

Taylor makes the legally tenuous argument that because Rollins's testimony conflicted with other testimony presented at trial, her testimony is insufficient evidence to support Taylor's conviction. Taylor's argument ignores two well-settled and fundamental principles. First, "[t]he testimony of a single witness is sufficient to support a conviction, even if that testimony is inconsistent [with other witnesses' testimony]." Pate, 469 S.W.3d at 913. Second, "[t]he credibility and weight of testimony are for the fact-finder to determine." State v. Holman, 230 S.W.3d 77, 83 (Mo. App. S.D. 2007). The fact-finder determines how to resolve conflicting testimony. That decision is not within our purview.

Moreover, in the appeal of a court-tried case, we defer to the trial court on factual issues because the trial court is in a better position to judge not only the credibility of witnesses directly, but also their sincerity and character and other trial intangibles which may not be completely revealed by the record. Warren v. Tom, 946 S.W.2d 754, 759 (Mo. App. S.D. 1997). "We assume the trial court believed the testimony consistent with its judgment." Id. The fact that the trial court believed Rollins over Garcia does not suggest that there is insufficient

---

[2] All statutory references are to RSMo (Cum. Supp. 2014).

6

evidence to support Taylor's conviction. "It is axiomatic that in resolving conflicts in the evidence, a trial court is not bound to accept a defendant's self-serving claims or explanations." Holman, 230 S.W.3d at 83. Instead, the finder of fact may believe all, some, or none of the testimony of a witness when considered with the facts, circumstances, and other testimony in the case. Id.

We will not invade the province of the trial court to reweigh the evidence or make credibility determinations. Here, the State presented evidence from Rollins that Taylor knowingly shot Bryant and was not acting in self-defense when he did so. The record contains sufficient evidence from which the trial court reasonably could find Taylor guilty of second-degree murder and the associated armed criminal action charge beyond a reasonable doubt. Point One is denied.

## II. Point Two—Admissibility of Phillips's Testimony

Taylor next avers that the trial court erred in overruling his objection to Phillips's "hospital-related" testimony because said testimony was not legally or logically relevant, was inadmissible, and was extremely prejudicial.

### A. Standard of Review

The standard of review for admission of evidence is abuse of discretion. State v. Peal, 393 S.W.3d 621, 625 (Mo. App. W.D. 2013). An abuse of discretion occurs when a trial court's ruling is clearly against the logic of the circumstances, and is so arbitrary and unreasonable as to indicate a lack of careful consideration. State v. Williams, 420 S.W.3d 713, 719 (Mo. App. W.D. 2014). In reviewing challenges to the admissibility of evidence, we will only reverse when the error was so prejudicial that it deprived the defendant of a fair trial. State v. Houston, 467 S.W.3d 894, 898 (Mo. App. E.D. 2015). "Prejudice occurs when the evidence is so inflammatory as to deprive the defendant of a fair trial, meaning that the evidence more likely

7

than not had an effect on the outcome of the trial." Id. at 899. The trial court is in the best position to weigh the probative value of the evidence against its prejudicial effect. Peal, 393 S.W.3d at 625.

B.    Analysis

Even if we were to hold that the trial court erred in admitting Phillips's "hospital-related" testimony, we will reverse the judgment of the trial court only if the error was so prejudicial that it deprived Taylor of a fair trial. Before we will reverse, we must find Phillips's testimony to be so inflammatory as to be outcome-determinative, meaning her testimony must have "more likely than not had an effect on the outcome of the trial." Houston, 467 S.W.3d at 899.

We first note that Taylor chose to try his case before a judge, not a jury. This decision has fundamental evidentiary implications. "[I]n a judge-tried case, we presume that the trial judge was not prejudiced by inadmissible evidence and was not influenced by it in reaching a judgment, unless it is clear from the record that the trial judge considered and relied upon the inadmissible evidence." State v. Crites, 400 S.W.3d 828, 834 (Mo. App. S.D. 2013). "Absent some showing that the evidence inflamed the fact-finder or diverted its attention from the issues to be resolved, the receipt of evidence even though irrelevant and immaterial, cannot constitute prejudicial or reversible error." State v. Ernst, 164 S.W.3d 70, 75 (Mo. App. S.D. 2005). As a result, "it is nearly impossible to obtain a reversal based upon the improper admission of evidence in a court-tried case." State v. Franks, 228 S.W.3d 607, 610 (Mo. App. S.D. 2007).

Taylor argues that Phillips's testimony was "extremely prejudicial" because it provided "details of a mother's grief," and was "designed to provoke an emotional response in the fact finder." Phillips's testimony was undoubtedly emotional. Were this testimony presented to a jury of twelve, we cannot ignore the potential of juror sympathy for the mother of a son shot to death nor the possibility that such testimony could raise such passions in a juror so as to

8

prejudice the defendant. However, the case was not tried before a jury. Taylor tried his case before a judge, and there is simply no evidence that the testimony at issue either inflamed the passions of the trial court, or in any way affected the trial court's decision-making process. The record is devoid of any suggestions that, in finding Taylor guilty, the trial court was influenced by Phillips's emotional testimony about what occurred at the hospital. Nor would it have made sense for the trial court to do so, as Phillips's testimony provided no relevant evidence about any of the primary legal issues to be resolved at trial—namely, whether Taylor knowingly shot Bryant, caused his death, and whether Taylor acted in self-defense in doing so.

Therefore, even assuming Phillips's testimony was improperly admitted, Taylor has failed to show he suffered outcome-determinative prejudice as a result. Point Two is denied.

## III. Point Three—Closing Argument

In his final point on appeal, Taylor contends the trial court erred in not *sua sponte* striking portions of the State's closing argument regarding how to ride a moped. Specifically, Taylor argues that the prosecutor improperly argued facts not in evidence by stating that a moped cannot be driven without both hands on the handlebars.

### A. Standard of Review

Because Taylor did not raise his objection to the State's closing argument at trial, we review this point on appeal only for plain error. See State v. Sanchez, 186 S.W.3d 260, 265 (Mo. banc 2006). Under plain-error review, the appellant "must show that the trial court's error so substantially violated his rights that manifest injustice or a miscarriage of justice results if the error is not corrected." Id.

We first note that the alleged improper statements were made during closing argument, affording the trial court considerable latitude. "The parties are afforded substantial latitude during closing arguments, and the trial court has broad discretion in determining when counsel

9

exceeds the permissible scope of argument." State v. Drisdel, 417 S.W.3d 773, 784 (Mo. App. E.D. 2013). "A conviction will be reversed for improper argument only if it is established that the comment had a 'decisive effect' on the [trial court's] determination." Id. We will seldom find plain error in an unobjected-to closing argument. Sanchez, 186 S.W.3d at 265.

B.  Analysis

The State's theory at trial was that Bryant did not reach for a gun when he saw Taylor, and that Taylor did not act in self-defense when he shot and killed Bryant. During closing argument the State made the following statements:

> Ms. Rollins told you she was on the side of her house and could see the Defendant shooting from the alley and then in the middle of the street at [Bryant]. [Bryant's] hands never left the moped. They continued riding on that moped. **And to operate a moped efficiently, you need both hands. One side is the throttle. One side is the brakes.** [Bryant's] hands never left the moped. He just tried to get out of there as quickly as he could on the transportation that he had. (Emphasis added.)

Taylor contends that the State argued facts not in evidence with the comment "and to operate a moped efficiently you need both hands." This one phrase is the foundation of this point on appeal.

During closing argument, a party may argue facts in evidence and reasonable inferences from the evidence. State v. Edwards, 116 S.W.3d 511, 537 (Mo. banc 2003). Prosecutors have considerable leeway to make retaliatory arguments in closing arguments and can retaliate to an issue raised by the defense. Sanchez, 186 S.W.3d at 265. "A prosecutor cannot, however, argue facts not in evidence or inferences not supported by the evidence." State v. Washington, 444 S.W.3d 532, 541 (Mo. App. E.D. 2014).

Here, Garcia—a defense witness—testified at trial that "You cannot drive a motorcycle with one hand. If the gas is on the left-hand side, you can't drive with one up in the air. So I don't know which one is the accelerator on the left or—." Rollins

10

testified about the "grips" or handles of a moped, how one of the handles constitutes the accelerator, and that she saw both of Bryant's hands on the moped. The prosecutor's comments during closing argument flowed directly from the evidence presented at trial from both Garcia and Rollins. The State's closing argument simply responded to the self-defense issue raised by Taylor.

Because the prosecutor's comments were drawn from testimony at trial and reasonable inferences therefrom, the trial court did not err, plainly or otherwise, in not *sua sponte* striking the State's comments during closing argument about placement of hands when riding a moped. Point Three is denied.

## Conclusion

The judgment of the trial court is affirmed.

KURT S. ODENWALD, Judge

James M. Dowd, P.J., concurs.
Gary M. Gaertner, Jr., J., concurs.

11