

# Missouri Court of Appeals

### Southern District

### Division Two

| | | |
|---|---|---|
| STATE OF MISSOURI, | ) | |
| | ) | |
| Respondent, | ) | No. SD36445 |
| | ) | |
| vs. | ) | **Filed: October 30, 2020** |
| | ) | |
| KEVIN DARNELL COASTON, | ) | |
| | ) | |
| Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable Judge Margaret Palmietto

## **AFFIRMED**

Kevin Darnell Coaston ("Defendant") appeals from his conviction after a bench trial of the class A misdemeanor of domestic assault in the fourth degree of his son, D.C. ("Victim"). *See* § 565.076.[1] In one point, Defendant challenges the admission of the testimony of Victim's mother ("Mother") regarding domestic abuse against Mother committed by Defendant, alleging it was not relevant to the charged offense, violated his constitutional rights, and allowed an impermissible inference that Defendant had a propensity to commit domestic assault offenses.[2] We affirm.

---

[1] All statutory references are to RSMo. Supp. (2017).

[2] Defendant alleges in his point that this testimony violated "his rights to be tried only for the offense charged, to due process of the law, and to a fair and impartial trial, guaranteed by the Sixth and

## Standard of Review

"A trial court has broad discretion to admit or exclude evidence" and only errs when there is a "clear abuse of this discretion." ***State v. Wood***, 580 S.W.3d 566, 574 (Mo. banc 2019) (internal citation and quotation omitted). We will not disturb an exercise of the trial court's discretion "unless it is clearly against the logic of the circumstances." ***State v. Hein***, 553 S.W.3d 893, 896 (Mo. App. E.D. 2018). On appeal, this Court reviews for prejudice and not mere error, and "will reverse only if the error was so prejudicial it deprived the defendant of a fair trial." ***Id.*** In a bench trial, the court is given more latitude in the admission of evidence. ***Id.*** Accordingly, in bench-tried cases, we generally presume the trial court does not give weight to erroneously-admitted evidence unless the trial court relied on the inadmissible evidence in making its findings. ***State v. Little***, 604 S.W.3d 708, 719 (Mo. App. E.D. 2020). Thus, it is "nearly impossible to obtain a reversal based upon the improper admission of evidence in a court-tried case." ***State v. Franks***, 228 S.W.3d 607, 610 (Mo. App. S.D. 2007).

## Factual and Procedural History

Viewed in the light most favorable to the judgment, the following facts were adduced at trial. Mother and Defendant met in Missouri and had two children together, K.C., born in 2000, and Victim, born in 2002 (collectively, "the children").[3] The family moved for a time to Pennsylvania. Mother and the children moved back to Missouri in 2004. Defendant was incarcerated in Pennsylvania from 2007-2017 after being

---

Fourteenth Amendments of the United States Constitution and article I, sections 10, 17, and 18(a) of the Missouri Constitution[.]"

[3] Mother also has other children not related to Defendant.

convicted of third-degree murder and possession of a controlled substance. In 2017, Defendant returned to Missouri to live with Mother and the children.

The incident in question occurred between Defendant and Victim on November 5, 2017. An argument ensued where Defendant began loudly yelling at Victim until Victim put a blanket over his head. Defendant ripped the blanket off Victim's head, forcefully grabbed Victim by his shirt and pinned him to the cushion-less couch screaming that Victim needed to respect Defendant. Mother heard Victim screaming, "[g]et off of me, let me go, I can't breathe[.]" When Mother entered the room and began videoing the scene, she saw Defendant holding Victim by the shirt, swinging him around, and screaming profanities at him. One of her sons pulled Defendant off Victim. The next day, Mother and Victim filed a police report with the Springfield Police Department and an officer photographed a cut on Victim's arm and bruises located on Victim's neck and chin.[4]

Defendant was charged under section 565.076 for "knowingly caus[ing] physical contact with [Victim] by pushing [Victim] and holding [Victim] down, knowing that he would regard such conduct as offensive, and they were family or household members in that [Victim] and [D]efendant were related by blood or marriage." After a bench trial was held on September 23, 2019, the trial court found Defendant guilty. Defendant was sentenced to one year in the county jail with the execution of sentence suspended and was given supervised probation for two years with conditions. This appeal follows.

---

[4] Though the record reflects these photographs and video were admitted into evidence by the trial court, these exhibits have not been submitted to our Court.

## Analysis

Defendant's point on appeal challenges the admission of Mother's testimony regarding Defendant's alleged past domestic abuse involving Mother as "neither logically nor legally relevant to the charged offense[,]" and further that the evidence prejudiced Defendant by allowing an impermissible inference that he had a propensity to commit domestic assault offenses.

Relevant to Defendant's point, Mother, the first witness at trial, testified she moved back from Pennsylvania to Missouri in 2004 when "things got pretty bad." When the State asked what she meant by this, Defendant objected that the information being elicited was not "relevant as far as past bad acts or alleged bad acts[.]" The State argued it was "just trying to get a little bit of background[.]" The trial court stated it would allow in the evidence "only for laying a foundation for the -- their current relationship." Mother then testified Defendant had physically abused her causing Mother to obtain orders of protection in both Pennsylvania and Missouri and resulting in her moving back to Missouri with the children.

Defendant's point fails because Defendant has not shown reversible error. A defendant's decision to try his case before a judge and without a jury has "fundamental evidentiary implications[,]" ***State v. Taylor***, 504 S.W.3d 116, 122 (Mo. App. E.D. 2016), which Defendant fails to acknowledge.[5] "[W]e presume that the trial judge was not prejudiced by inadmissible evidence" and was not influenced by such evidence "unless it is clear from the record" the trial court "considered and relied upon the inadmissible evidence." ***Id.*** at 122-23 (internal citation and quotation omitted). Here,

---

[5] When discussing prejudice, Defendant refers this Court to the standard from a jury-tried case, ***State v. Grant***, 810 S.W.2d 591, 592 (Mo. App. S.D. 1991).

Defendant has not shown prejudicial or reversible error because he has not demonstrated the challenged evidence "inflamed the fact-finder or diverted its attention from the issues to be resolved[.]" *State v. Ernst*, 164 S.W.3d 70, 75 (Mo. App. S.D. 2005) (internal citation and quotation omitted).

Defendant's brief states, without citation to the record, that the trial court "affirmatively stated it would consider this evidence in determining [Defendant's] guilt or innocence, [and that] the record does not demonstrate that the trial court disregarded this evidence or was not influenced by this improper evidence." First, despite reviewing the record, we are unable to find anywhere the trial court relied upon *this* testimony for a determination of guilt. It is the responsibility of Defendant to prove the trial court relied on inadmissible evidence in making its determination of guilt beyond a reasonable doubt, which he does not do. *See **State v. Hood***, 521 S.W.3d 680, 685 (Mo. App. S.D. 2017) (finding no basis to conclude the trial court in a bench-tried case considered or relied on challenged testimony when determining guilt when a defendant "omit[ted] any citations to the record" purporting to support or demonstrate the trial court's reliance). Defendant has failed to show this evidence played a "critical role in the trial court's decision." ***Ernst***, 164 S.W.3d at 75.

The testimony presented to the trial court regarding the incident itself clearly established the elements required for domestic assault in the fourth degree without any need for the trial court to rely on this allegedly inadmissible evidence.[6] Absent a clear showing of reliance on allegedly inadmissible evidence for the trial court's

---

[6] As pertinent here, a person commits the crime of domestic assault in the fourth degree if the act involves a "domestic victim," defined as a "household or family member[,]" and "[t]he person knowingly causes physical contact with such domestic victim knowing he or she will regard that contact as offensive[.]" *See* §§ 565.076; 565.002.

determination of guilt, no reversible error resulted. *See **id.*** (finding inadmissible evidence was not "outcome-determinative" when other evidence in the record was sufficient to support the trial court's decision finding defendant guilty of the offense charged); *see also **State v. Dixon***, 495 S.W.3d 812, 820 (Mo. App. S.D. 2016) (presuming no prejudice resulted when a trial court reserved ruling on allegedly inadmissible evidence, did not indicate reliance on the evidence during the proceedings or in the court's judgment, and the evidence was "not necessary to support any element of the crime" of which defendant was convicted). Defendant's brief concedes that "the trial court could fully judge the credibility of each witness's narrative of the incident with the admissible evidence presented at trial and without consideration of the impermissible evidence." We agree that it could, and it did, and we find no reversible error. Point 1 is denied.

### Conclusion

The trial court's judgment is affirmed.

MARY W. SHEFFIELD, J. – OPINION AUTHOR

JEFFREY W. BATES, C.J. – CONCURS

GARY W. LYNCH, J. – CONCURS