STATE of Missouri, Respondent,

v.

Keith MARSHALL, Appellant.

No. ED 82856.

Missouri Court of Appeals, Eastern District, Division One.

March 16, 2004.

Maleaner Harvey, Assistant Public Defender, St. Louis, MO, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Breck K. Burgess, Assistant Attorney General, Jefferson City, MO, for respondent.

GARY M. GAERTNER, SR., Presiding Judge.

Appellant, Keith Marshall ("defendant"), appeals from the judgment of the Circuit Court of Jefferson County following a jury trial finding him guilty of possession of a controlled substance, cocaine (Count I), section 195.202, RSMo 2000,[1] and guilty of resisting arrest (Count II), section 575.150. Defendant was sentenced as a prior and persistent offender to twelve years for Count I to be served in the Missouri Department of Corrections and one year for Count II to be served in the Jefferson County Jail, sentences to run concurrently. We affirm.

On March 1, 2002, in Crystal City, Sergeant Aubrie Smith ("Sergeant Smith") and Officer Robert Rippee ("Officer Rippee") pursued defendant because an arrest warrant had been issued for him earlier that day. As defendant rode on his bicycle, the two officers kept pace with him, each driving their separate patrol cars on streets parallel to one another. Officer Rippee testified that while he was in pursuit, he saw defendant drop a plastic baggie containing a white substance, which was later found to be cocaine.

Defendant was arrested and brought back to the police station by Sergeant Smith, while Officer Rippee retrieved the plastic baggie that defendant had allegedly dropped earlier. Officer Rippee then brought the plastic baggie to the police station, where he mentioned it to Sergeant Smith for the first time. At the police station, Officer Rippee also showed defendant the plastic baggie containing the cocaine. Defendant stated that the plastic baggie did not belong to him.

The State's Fifth Motion in Limine requested the trial court to prevent defendant, defendant's witnesses, and defendant's attorney from eliciting or testifying to defendant's out-of-court statement made at the police station that the cocaine was not his. The trial court sustained the State's Fifth Motion in Limine and stated that if defendant wanted his out-of-court statement to come in front of the jury, he would have to testify to it himself.

■ In his only point on appeal, defendant asserts that the trial court erred in sustaining the State's Fifth Motion in Limine. Defendant argues the trial court

---

**1.** All statutory references are to RSMo 2000, unless otherwise indicated.

should have allowed his statement to be elicited from the State's witnesses on cross-examination because it was within the present sense impression exception to the hearsay rule.

 A trial court's ruling granting a motion in limine, in and of itself, preserves nothing for appeal. *State v. Boyd*, 992 S.W.2d 213, 218 (Mo.App. E.D.1999). To preserve the matter for appeal, the proponent of the evidence must attempt to present the excluded evidence at trial, and if an objection to the proposed evidence is raised and sustained, the proponent must then make an offer of proof. *Id.* An offer of proof made before trial at a hearing on a motion in limine will not suffice. *Id.* at 218–19. To preserve the matter for appellate review, the offer of proof must be made during trial. *Id.*

In this case, defendant made a proper objection and offer of proof at the pretrial conference before the trial court ruled on the State's Fifth Motion in Limine. However, defendant's counsel did not attempt to introduce extrinsic evidence of defendant's out-of-court statement at trial.

The only related discussion at trial occurred during defendant's counsel's cross-examination of Sergeant Smith, which included the following:

Q [defendant's counsel]: The very first time [the drugs were] even mentioned [by Officer Rippee] was back at the police station?

A [Sergeant Smith]: That's correct.

Q [defendant's counsel]: And he said it in the presence of yourself and [defendant]?

A [Sergeant Smith]: He said it in my presence.

Q [defendant's counsel]: [Defendant] was close by in the booking area?

A [Sergeant Smith]: Exactly.

Q [defendant's counsel]: He said it in a normal tone of voice?

A [Sergeant Smith]: Normal tone of voice, but [defendant] was behind a closed door.

Q [defendant's counsel]: It wasn't a straight-through door?

A [Sergeant Smith]: Well, it was a door . . .

Q [defendant's counsel]: [Was the statement made l]oud enough for [defendant] to hear?

A [Sergeant Smith]: I would believe so.

Q [defendant's counsel]: Did you hear [Officer Rippee] make any statements to [defendant]?

State's counsel: Objection, Your Honor. If we could approach?

The Court: Be sustained.

State's counsel: All right. Thank you.

Defendant's counsel: I have nothing further, Your Honor.

By defendant's counsel ending the inquiry here, the record reflects that defendant's counsel only attempted to present evidence of the police officer's statement to defendant, and did not attempt to introduce evidence of defendant's statement to the police officer, which is the excluded evidence at issue. Consequently, the requisite offer of proof was not made.

Therefore, defendant's claim is not preserved for appellate review.

 An appellate court has complete discretion on whether to review an unpreserved matter for possible plain error. *Boyd*, 992 S.W.2d at 219. In similar circumstances, where the appellant did not request plain error review of the trial court's ruling granting a motion in limine, we found that plain error review was not warranted. *Id.* Therefore, in the exercise

of our discretion, we also decline to grant such review in this case.

Based on the foregoing, we affirm the judgment of the trial court.