STATE of Missouri, Respondent,

v.

Antonio Lavelle JACKSON, Appellant.

No. WD 70627.

Missouri Court of Appeals,
Western District.

March 9, 2010.

Craig A. Johnston, Assistant State Public Defender, Columbia, MO, for Appellant.

Chris Koster, Attorney General, John W. Grantham, Assistant Attorney General, Jefferson City, MO, for Respondent.

Before Division III: JAMES EDWARD WELSH, Presiding Judge, and MARK D. PFEIFFER and KAREN KING MITCHELL, Judges.

MARK D. PFEIFFER, Judge.

Antonio Lavelle Jackson ("Jackson") appeals his convictions in the Circuit Court of Buchanan County ("trial court") for drug trafficking in the second degree (more than six grams of cocaine base) pursuant to section 195.223[1]—a class A felony, and possession of a controlled substance (more than 35 grams of marijuana) pursuant to section 195.202—a class C felony. In both counts, Jackson was charged under an accomplice theory of liability. Jackson was sentenced to prison for ten years and seven years, respectively, with those sentences to run concurrently. We affirm.

## Statement of Facts[2]

In November 2006, the Street Crimes Unit of the St. Joseph Police Department began investigating the residence at 2224 Felix as a result of information that they received regarding possible illegal drug activity. During their investigation, detectives observed frequent short-term traffic to the home, people both in vehicles as well as on foot. The activity that police observed over the course of their investigation suggested to them that drugs were being sold out of the residence. They observed Jackson and his girlfriend, Debra Davis ("Davis"), at the location on regular occasions, along with Davis's children and friends. The officers formed a belief from these observations that Jackson and Davis lived at that residence together.

As a result of their investigation, a search warrant was issued for the residence at 2224 Felix. When police served the search warrant, Jackson, Davis, two other adults, and Davis's three small children were in the home. Upon a search of the home, police found four illegal items: (1) a white bag in Davis's bedroom closet containing a measuring bowl, spoon, and crack cocaine, (2) a silver tray in Davis's bedroom closet containing powder cocaine, (3) a bag of marijuana in Davis's dresser, along with a box of unused sandwich baggies and a digital scale, and (4) a small baggie of cocaine above the vanity mirror in the home bathroom. In total, the search produced a discovery of 56.60 grams of marijuana, 8.46 grams of a powder containing cocaine base, and 8.10 grams of a powder containing cocaine salts.

Jackson was arrested subsequent to the search. He was carrying $990 at the time of his arrest, most of which was in the form of forty-five $20 bills—a common denomination in transactions for crack cocaine. Davis, conversely, was only in possession of roughly $20, *in toto*. At that time, Jackson admitted to officers that he

---

1. All statutory references are to RSMo 2000, unless otherwise indicated.

2. We view the evidence, and all inferences drawn from the evidence, in the light most favorable to the verdict. *State v. Strickland*, 609 S.W.2d 392, 395 (Mo. banc 1980).

resided with Davis at the 2224 Felix residence, at least "most of the time."

Davis told a State Board of Probation and Parole officer, Maribeth Keller, that Jackson had the drugs, that Jackson brought the drugs into the home, and that Jackson sold the drugs. When he wasn't around, however, she would sell them too. She explained that Jackson handled all the money from these drug transactions but would give her as much as she needed for living expenses.

At trial, Davis testified that she received drugs from Jackson for usage purposes. She used marijuana on a daily basis, and cocaine on a "close to daily basis." Davis and Jackson used drugs together on a daily basis and would provide each other with drugs on occasion. She further testified that any drugs she and Jackson would have used on the day of the search warrant were the same drugs later discovered by police.

Jackson was charged as a prior drug offender in Buchanan County Circuit Court with one count of second-degree trafficking (more than six grams of cocaine base) and one count of possession of a controlled substance (more than thirty-five grams of marijuana). Both charges were submitted to the jury under an accomplice theory of liability. At the close of the State's evidence, Jackson moved for judgment of acquittal. Jackson's motion was denied by the trial court. Following the jury trial, Jackson was found guilty of both charges on December 4, 2008. On January 13, 2009, the trial court denied Jackson's Motion for Judgment of Acquittal Notwithstanding the Verdict of the Jury, or in the Alternative for a New Trial, and sentenced him to prison for concurrent sentences of ten years and seven years. This appeal timely followed.

Jackson appeals the denial of his Motion for Judgment of Acquittal Notwithstand-ing the Verdict of the Jury, or in the Alternative for a New Trial, asserting that as a matter of law there was insufficient evidence adduced at trial to establish his guilt beyond a reasonable doubt on either count. We disagree.

## Standard of Review

In reviewing a challenge to the sufficiency of the evidence, appellate review is limited to a determination of whether there is sufficient evidence from which a reasonable juror might have found the defendant guilty beyond a reasonable doubt. State v. Oliver, 293 S.W.3d 437, 444 (Mo. banc 2009). We must determine whether all of the evidence, direct and circumstantial, is sufficient to provide any rational juror with proof beyond a reasonable doubt as to each element of the crime. Id.; State v. Grim, 854 S.W.2d 403, 405 (Mo. banc 1993). We will accept as true all of the evidence favorable to the verdict, including all inferences drawn from the evidence, and disregard all evidence and inferences to the contrary. Id.; see also State v. Strickland, 609 S.W.2d 392, 395 (Mo. banc 1980). When reviewing the sufficiency of the evidence supporting a criminal conviction, this court does not act as a " 'super-juror with veto powers,' " but rather must give great deference to the trier of fact. State v. Chaney, 967 S.W.2d 47, 52 (Mo. banc 1998) (quoting Grim, 854 S.W.2d at 414). We will affirm a trial court's denial of a motion for judgment of acquittal if, at the close of the evidence, there was sufficient evidence from which reasonable persons could have found the defendant guilty of the offense. State v. Edwards, 280 S.W.3d 184, 189 (Mo.App. E.D.2009).

## Analysis

Jackson's charges both stem from the same set of facts, involve the same group of people, were supported at trial by much

of the same evidence, and are even appealed to this court on the same ground. Each charge, however, carries with it distinct and precise elements which must all be supported by sufficient evidence that a reasonable juror could be persuaded of Jackson's guilt beyond a reasonable doubt. *Grim*, 854 S.W.2d at 405. Jackson challenges the sufficiency of the evidence on both counts of his conviction; thus, we analyze his arguments in turn.

As to Count I, drug trafficking in the second degree (more than six grams of cocaine base), the State had the burden to prove beyond a reasonable doubt that (1) Davis possessed six grams or more of a mixture or substance containing a cocaine base, (2) Davis knew or was aware of the presence or nature of the controlled substance, and (3) that with the purpose of promoting or furthering the commission of trafficking in the second degree, Jackson acted together with or aided Davis in committing the offense. § 195.223. Davis admitted at trial to possessing the substance found in her home and testified that she knew that, in fact, it was cocaine. The only point of contention is whether there was sufficient evidence that a reasonable person could be persuaded beyond a reasonable doubt that Jackson aided the commission of this offense. Officer Keller testified that Davis admitted Jackson's involvement in the illegal drug transactions. Additionally, when police executed the search warrant, Jackson was in possession of $990, while Davis had little more than $20. From this, a reasonable person could infer that Jackson was an active participant in the illegal drug distribution that Davis testified was operating out of her home. It is not impermissible, or unbelievable, for a juror to infer that the only person holding a large amount of cash in a drug house is involved in the illegal transactions occurring at that residence; particularly when that amount is nearly $1,000 and it is being held in denominations that are consistent with drug dealing. The statement Davis made to Officer Keller—that Jackson controlled all of the money from the drug dealings—only bolsters this conclusion.

Jackson appears to argue that because the drugs were hidden, it is entirely plausible that he did not know of their location and, therefore, could not have had possession or control, and the State's failure to prove his knowledge of the specific location of the drugs supports his claim of insufficiency. This argument misconstrues accomplice liability in this state, or more precisely, the legal effect of criminal liability for an individual that "aids or abets" the commission of a crime. It is certainly conceivable that an individual actively involved in a drug-dealing operation may not know, or want to know, exactly where the drugs are being held. However, through their affirmative participation in that enterprise—e.g., through provision of drugs to the dealer, assisting in the sale or packaging of drugs for the dealer, or by assisting in the handling of the dealer's illegal transactions (such as holding or hiding the money)—they can be equally responsible for the commission of the offense. § 562.041.1(2) ("A person is criminally responsible for the conduct of another when [e]ither before or during the commission of an offense ... he aids or agrees to aid or attempts to aid such other person in planning, committing or attempting to commit the offense."); *State v. May*, 71 S.W.3d 177, 183 (Mo.App. W.D.2002) ("Any evidence that shows affirmative participation in aiding the principal to commit the crime is sufficient to support a conviction."). While merely being present before or during the commission of a crime is not sufficient to find accomplice liability, any affirmative act, even mere encourage-

ment, is enough. *State v. Richardson*, 923 S.W.2d 301, 317 (Mo. banc 1996); *State v. Beggs*, 186 S.W.3d 306, 313 (Mo.App. W.D. 2005). "Encouragement is the equivalent of conduct that 'by any means countenances or approves' the criminal action of another." *State v. Barnum*, 14 S.W.3d 587, 591 (Mo. banc 2000) (quoting *Richardson*, 923 S.W.2d at 317). *See also State v. Witt*, 685 S.W.2d 266, 269 (Mo.App. W.D.1985) (noting that the State is not required to prove physical custody or immediate presence of contraband). In this instance, the evidence tending toward a permissible inference of Jackson's involvement in the drug trafficking includes the testimony of police officers that Jackson appeared to be involved in the drug-dealing operation, the statements made by Davis to Officer Keller implicating Jackson in the distribution of drugs from the home and his handling of all cash received for the drugs, the money found on Jackson at the time of the search warrant, his residence at the home, and his joint use of the drugs with Davis. Even based solely upon Davis's testimony at trial, and the statements she made to Officer Keller, we are convinced that a reasonable juror could conclude that Jackson was guilty beyond a reasonable doubt of trafficking cocaine in the second degree as a result of his affirmative participation in the enterprise. Point I is denied.

■■■ As to Count II, the State had the burden to prove beyond a reasonable doubt that (1) Davis possessed more than thirty-five grams of marijuana, (2) Davis knew or was aware of the presence or nature of the controlled substance, and (3) that with the purpose of promoting or furthering the commission of possession of a controlled substance, Jackson acted together with or aided Davis in committing the offense. § 195.202. The first two elements are clearly established by Davis's testimony at Jackson's trial. The third element was primarily supported by Davis's testimony, Officer Keller's testimony, and the results of the search warrant. Possession, under this statute, includes both sole and joint possession. Joint possession is presented to the jury in the form of the instruction phrase "acted together with." The elements of possession and knowledge may be satisfied from reasonable inferences drawn from circumstantial evidence. *State v. Smith*, 850 S.W.2d 934, 943 (Mo.App. S.D.1993). Constructive possession will suffice, even when joint control exists, as long as other facts buttress an inference that Jackson had knowledge of the drug's presence. *Id.* at 943–44. A defendant's access to the areas where drugs are found and the presence of a large quantity of drugs both support an inference of possession and control, when consistent with the totality of the circumstances. *Id.* at 944. Davis testified that she and Jackson used marijuana together, virtually on a daily basis. She further testified that any drugs they used the day of Jackson's arrest were from the stash she had in her bedroom. Officer Keller testified that Davis told her that Jackson was the person who brought the drugs into the home and that he sold the drugs out of the house. The execution of the search warrant revealed a large amount of drugs in the home, where Jackson had free access, and nearly $1,000 on Jackson's person. We find that sufficient direct and circumstantial evidence exists that a reasonable juror could find that Jackson had joint possession of the marijuana with Davis beyond a reasonable doubt. Point II is denied.

It is the finding of this court that the evidence adduced at trial was sufficient, such that a reasonable person could be convinced of Jackson's guilt beyond a reasonable doubt as to each element of the offenses with which he was charged. The trial court did not err in its denial of

Jackson's Motion for Acquittal Notwithstanding the Verdict of the Jury, or in the Alternative for New Trial.

### Conclusion

For the foregoing reasons, the judgment of the trial court is affirmed.

JAMES EDWARD WELSH, Presiding Judge, and KAREN KING MITCHELL, Judge, concur.