STATE of Missouri, Respondent,

v.

Cortez Detree BELL, Appellant.

No. ED 98162.

Missouri Court of Appeals,
Eastern District,
Division One.

Aug. 13, 2013.

Emmett D. Queener, Columbia, MO, for Appellant.

Chris Koster, Attorney General, Andrew C. Hooper, Assistant Attorney General, Jefferson City, MO, for Respondent.

## OPINION

GLENN A. NORTON, Judge.

Cortez Detree Bell appeals the judgment entered upon a jury verdict convicting him of distribution of a controlled substance. We affirm.

## I. BACKGROUND

The evidence adduced at trial, in the light most favorable to the verdict, is as follows: On June 9, 2010, a confidential informant who worked with the Southeast Missouri Drug Task Force set up a controlled drug buy with Bell. Bell agreed to sell the informant crack cocaine for $150.00 and arranged a meeting place. Before the meeting, the informant was fitted with video and audio recording devices and detectives showed the informant a photo of someone identified as Bell. After detectives dropped the informant off at the meeting place, Bell made contact with the informant and told him to walk to a nearby apartment complex to complete the drug transaction. Upon arriving at the com-

plex, the informant saw Bell in a white vehicle driven by an unidentified woman and got in the backseat. Once inside the vehicle, the informant picked up a piece of crack cocaine placed on the armrest by Bell, left $150.00, and exited the vehicle.

The detectives were not able to see the transaction between Bell and the informant, and although the video recording never showed the face of the man who sold the informant the crack cocaine, the informant identified Bell in court as the man who sold him drugs and appeared on the recording. During deliberations, the jury told the court that they "would like to review the portion of the video of the phone call between [the informant] and Cortez." The trial court called the jury back into the courtroom and stated, "Ladies and gentlemen, at your request we have located two points on the video and audio where the defendant and the confidential informant have some conversation by telephone." Defense counsel then stated, "Judge, just for the record, I hope the court is not taking the affirmative position that whoever is on the other end of that phone call is the defendant." The court, in the presence of the jury, replied, "Well, that's what the request said. Now, whether it is or not is a matter—who is on the audio is a question of fact and an issue for the jury to determine." Defense counsel requested no relief from the trial court and the jury returned to deliberate.

Subsequently, the jury found Bell guilty of distribution of a controlled substance, and Bell was sentenced to fifteen years' imprisonment. Bell appeals.

## II. DISCUSSION

In Bell's sole point on appeal, he claims the trial court erred and violated his right to a fair and impartial trial when the trial court told the jurors that there were two places on the video and audio recording where "the defendant and the confidential informant have some conversation by telephone." Specifically, Bell argues that the trial court's statement indicated to the jury that the court had already made the determination that Bell was one of the parties in the car during the drug transaction.

The trial court's statement was prompted by, and in response to, the jury's request to review the recording. Following the remark, defense counsel requested no relief from the trial court but merely stated a hope that the trial court was not taking a position on the evidence. The trial court responded that the matter was for the jury to decide and defense counsel requested no relief. It is the responsibility of counsel to request relief. *Foster v. State*, 348 S.W.3d 158, 163 (Mo.App. E.D. 2011). If, as in this case, counsel fails to make a request for relief, it will be assumed that counsel is satisfied with the measures taken by the court and any subsequent claim of relief is unpreserved on appeal. *Id.*

"Unpreserved issues may only be reviewed for plain error," and "plain error review should be used sparingly." *State v. Edwards*, 280 S.W.3d 184, 188 (Mo.App. E.D.2009) (internal quotation omitted). Appellate courts have complete discretion on whether to review an unpreserved issue for possible plain error. *Id.* In the present case, Bell has not requested that we review his point on appeal under plain error review and we decline to do so *sua sponte*. *See id.* Point denied.

## III. CONCLUSION

The judgment is affirmed.

ROY L. RICHTER, P.J. and CLIFFORD H. AHRENS, J., concur.