

# Missouri Court of Appeals
## Southern District
### Division One

|  |  |  |
|---|---|---|
| DAMIEN MICHAEL BARAJAS, | ) | |
| | ) | |
| Movant-Respondent, | ) | |
| | ) | |
| vs. | ) | Nos. SD35358 & SD35359 |
| | ) | |
| STATE OF MISSOURI, | ) | Filed January 16, 2019 |
| | ) | |
| Respondent-Appellant. | ) | |

APPEAL FROM THE CIRCUIT COURT OF GREENE COUNTY

Honorable David C. Jones

REVERSED AND JUDGMENT ENTERED UNDER RULE 84.14

The State appeals the motion court's judgment granting Damien Michael Barajas'

("Movant's") Rule 24.035[1] motion for post-conviction relief ("PCR motion").[2]  In two points,

the State contends that the motion court clearly erred in granting relief based on plea counsel's

alleged erroneous statement of Movant's completion date of the Hope Home program because:

(1) "this claim was waived in that [Movant] did not raise this claim in his [PCR] motion[;]" and

(2) "[plea] counsel informed the court of the correct completion date[.]"  Finding merit in the

---

[1] All rule references are to Missouri Court Rules (2018).

[2] The underlying convictions were for robbery in the first degree, tampering in the first degree, and two counts of receiving stolen property.  *See* sections 569.020, 569.080.1(2), and 570.080.  Unless otherwise indicated, all statutory references are to RSMo Cum.Supp. 2013.

1

State's first point, which moots its second point, we reverse the motion court's judgment and, under Rule 84.14, enter judgment denying Movant's PCR motion.

## Factual and Procedural Background

On December 30, 2015, Movant was charged with first-degree robbery, and then, on January 6, 2016, Movant was arrested and charged in a separate case with three additional felonies ("remaining felonies") – first-degree tampering and two counts of receiving stolen property.[3] Movant was released in March 2016 under the supervision of Pretrial Services and with the requirement that he be held under house arrest. The next month, however, Movant violated the conditions of his release and was taken back into custody. In September 2016, Movant applied again for pre-trial release, informing the court that he had been accepted into the Hope Home program under the supervision of Pastor John Alarid ("Pastor Alarid"). Being familiar with this nine-month, faith-based program and its strict requirements, the trial court permitted Movant to be released for participation in it.

On December 13, 2016, Movant pleaded guilty to all charges. Movant informed the trial court that he was completely satisfied with his representation and that his plea counsel had done everything that Movant had asked. The court acknowledged the agreement Movant had with the State in that the State would recommend a sentence of twelve years for the first-degree robbery charge and a sentence of seven years for the remaining felonies, with twelve years being the maximum to which Movant could be sentenced. Plea counsel submitted a letter to the court from Pastor Alarid and, because Hope Home was a nine-month program, requested the court to delay

---

[3] Both underlying criminal cases (Greene County Circuit Court cases numbered 1631-CR00155-01 and 1631-CR00010-01) and their respective PCR motion cases (Greene County Circuit Court cases numbered 1731-CC00905 and 1731-CC00906) were each addressed, heard, and decided together for all relevant matters and issues mentioned in this opinion. The State timely appeals the motion court's judgment in each PCR motion case. These appeals, SD35358 and SD35359, have been consolidated for all purposes on appeal including this opinion. While singular references are used in this opinion for ease of discussion, they apply in the referenced context as appropriate to both criminal cases, both PCR cases, and both appeals of the PCR cases.

2

sentencing. The court accepted Movant's guilty plea and indicated it would set Movant's sentencing for June 2017, noting that was when Movant was then scheduled to complete the Hope Home program. The court also informed Movant that, in the interim, it would revoke Movant's bond and put him in jail if Movant committed any new crimes or violated any of the conditions of his release.

At sentencing on June 13, 2017, the court acknowledged that it was provided with a letter from Pastor Alarid that stated Movant was then due to finish the Hope Home program in January 2018. The State recommended a ten-year sentence for robbery in the first-degree and a seven-year sentence on each of the remaining felonies, with the sentences to run concurrently. Plea counsel requested a suspended execution of sentence and that Movant be placed on probation or supervision. Thereafter, the court followed the State's recommendation and sentenced Movant to ten years' imprisonment for first-degree robbery, and seven years' imprisonment on each of the remaining felonies, with all sentences to run concurrently. Following the court's pronouncement of sentences, Movant testified that plea counsel did everything he asked him to do and that he was satisfied with plea counsel's representation.

Within days after the sentencing hearing, Movant's newly retained private counsel timely filed Movant's PCR motion claiming his plea counsel provided ineffective assistance in five respects:

  a. Failing to contact Greene County Pretrial Services and provide the court with either reports or testimony about Mr. Barajas' success with supervision while being monitored by Pretrial Services.

  b. Failing to present evidence to the Court regarding defendant's success in the program at Hope House.

  c. Failing to seek a continuance of the sentencing hearing in order to effectuate this Honorable Court's instructions that Mr. Barajas complete the program at the Hope House prior to his sentencing date.

3

d. Failing to present evidence to this Honorable Court regarding the collateral consequences to defendant's family for a lengthy sentence imposed upon defendant.

e. Failing to present evidence to this Honorable Court regarding defendant's success since his release from confinement of the Greene County jail in September 2016.

No amended motion was filed.

During the PCR motion evidentiary hearing, plea counsel testified that he regularly conferred with Movant throughout all of the stages of his case. Plea counsel believed the State had a submissible case against Movant for the first-degree robbery charge and that it was his strategy to obtain the most favorable plea offer or probation. Plea counsel testified that he: (1) regularly spoke with pre-trial services regarding Movant's status and how he was progressing in the Hope Home program; (2) submitted two letters to the court from Pastor Alarid detailing how Movant was doing in the Hope Home program; and (3) believed it was in the best interest of Movant to proceed with the sentencing hearing in June 2017 since Movant had previously committed violations while under house arrest and in the Hope Home program.

Next, Pastor Alarid testified that the Hope Home program was a nine-month, faith-based program. Pastor Alarid stated that in March 2017, Movant had an unapproved visit from his girlfriend and children, which required a thirty-day dismissal and required Movant to restart the nine-month program, which moved his completion date to January 2018.

Finally, Movant testified that he entered into the Hope Home program in September 2016. Movant believed that the court extended his sentencing hearing to June 2017 in order to see how he was progressing in the Hope Home program. Throughout Movant's time in the Hope Home program, Movant testified that he communicated his progress with plea counsel. Movant stated that he had an unapproved visit from his girlfriend and children, which caused him to be dismissed from the program for thirty days. During that time, Movant met weekly with Pastor

4

Alarid and started another program until he was readmitted in the Hope Home program. Movant admitted that he told the court at his sentencing hearing that plea counsel had done everything that Movant had wanted him to do and that he was truthful when he made that statement.

Following the evidentiary hearing, the motion court entered a judgment granting Movant's PCR motion based upon a finding that plea counsel provided ineffective assistance by erroneously stating to the sentencing court that Movant was scheduled to complete the Hope Home program in January of 2018. The motion court set aside Movant's sentences and ordered a new sentencing hearing.

## Standard of Review

We review a trial court's findings of post-conviction relief to determine whether the findings and conclusions of the motion court are clearly erroneous. *Skillicorn v. State*, 22 S.W.3d 678, 681 (Mo. banc 2000). The motion court's findings are presumed correct and will be overturned only after, upon review of the entire record, the reviewing court is left with a definite and firm impression that a mistake has been made. *Vaca v. State*, 314 S.W.3d 331, 334 (Mo. banc 2010). These standards apply regardless of whether the movant or the State appeals. *Schaal v. State*, 179 S.W.3d 907, 910 (Mo.App. 2005).

## Discussion

In its first point, the State contends that the motion court clearly erred in "granting relief based on [plea] counsel's alleged erroneous statement of [Movant's] completion date of Hope House program because this claim was waived in that [Movant] did not raise this claim in his Rule 24.035 motion."[4]

---

[4] Although Movant filed a responding brief, he did not respond to or in any manner address the State's claim in this point.

Under Rule 24.035, the movant is required to "include every claim known to the movant for vacating, setting aside, or correcting the judgment or sentence," and it requires the movant to acknowledge "the movant's understanding that the movant waives any claim for relief known to the movant that is not listed in the motion." Rule 24.035(d); **Flenoy v. State**, 446 S.W.3d 297, 302 (Mo.App. 2014). "Rule 24.035(d) clearly requires that the postconviction motion must include all claims and those not raised in the motion are waived." **Goodwin v. State**, 313 S.W.3d 161, 163 (Mo.App. 2010).

All five claims raised in Movant's PCR motion, *supra*, were denied by the motion court. After the evidentiary hearing, the motion court denied claims a, b, d, and e, finding, in accordance with the State's motion to dismiss, these claims were refuted by the record and were not supported in the PCR motion by any factual allegations that Movant suffered outcome-determinative prejudice as a result of plea counsel's alleged failures to present evidence. Further, the motion court found that plea counsel's decisions not to seek a continuance (claim c) or call Pastor Alarid to testify at sentencing (included within claim b) were "a matter of professional judgment that were made in the best interests of [Movant] and that these decisions by counsel did not constitute ineffective assistance of counsel."

The motion court in its judgment, however, proceeded to grant Movant's Rule 24.035 motion for post-conviction relief on the basis of its findings that:

> [Plea] counsel's statement to the Court that [Movant] was scheduled to complete the program in January of 2018 was in error. The Court is not suggesting this error was done deliberately by [plea] counsel. Instead, it appears to be an inadvertent mistake and that it may have even been the result of mistaken data provided to counsel. Nevertheless, the Court finds that this error as to the date was significant enough to satisfy the first prong of *Strickland v. Washington*, 466 U.S.668 (1984).
>
> …

6

When the Court was informed that [Movant] would not complete the program until January of 2018, the Court erroneously concluded that [Movant's] participation had faltered and raised doubts in the eyes of the Court as to whether [Movant] would be a successful candidate for either institutional treatment or probation. Thus, the date error had a substantial impact on the Court at the time of sentencing and that error was sufficiently prejudicial to the [Movant] so as to satisfy the second prong of *Strickland*, *supra*. For those reasons, relief must be granted.

This basis for granting Movant's PCR motion was not raised or claimed in Movant's PCR motion. All of the claims raised in the PCR motion, *supra,* alleged plea counsel's ineffective assistance for either *failing* to obtain and present additional evidence to the trial court at sentencing or *failing* to seek a continuance of the sentencing hearing. Nothing in the PCR motion presented any claim that plea counsel provided ineffective assistance by *making* an alleged erroneous statement to the motion court during sentencing.

"Claims are waived where they are not directly presented in the motion for post-conviction relief—the presentation of evidence otherwise relevant to a claim does not preserve other possible claims relevant to that evidence, but not directly presented in the post-conviction motion." *Day v. State*, 495 S.W.3d 773, 776 (Mo.App. 2016). Because the motion court granted Movant's PCR motion on a basis not directly presented in that motion, and thereby waived by Movant, we have a definite and firm impression that a mistake has been made by the motion court, *see Vaca*, 314 S.W.3d at 334, and therefore, the motion court's grant of the PCR motion on that basis was clearly erroneous, *see Skillicorn*, 22 S.W.3d at 681. The motion court should have limited its findings of facts and conclusions of law only to those claims presented in Movant's PCR motion. *See Rohwer v. State*, 791 S.W.2d 741, 744 (Mo.App. 1990). Limited to

7

the motion court's findings and conclusions denying those claims, Movant's PCR motion should be denied.  The State's first point is granted.[5]

## Decision

The motion court's judgments granting Movant's PCR motion in Greene County Circuit Court cases numbered 1731-CC00905 and 1731-CC00906 are reversed.  Under Rule 84.14, this court hereby enters judgment in each case denying Movant's PCR motion.[6]

GARY W. LYNCH, J. – OPINION AUTHOR

DON E. BURRELL, JR., P.J. – concurs

NANCY STEFFEN RAHMEYER, J. – concurs

---

[5] The grant of the State's first point makes our consideration of its second point moot.  We note, nevertheless, that Movant asserts in his responding brief that "The [motion] court's Order suggests the court relied on the proposition that [plea] counsel provided the court with the wrong completion date of the program which [Movant] participated." Movant, however, fails to further address that assertion or cite to any evidence in the record that supports the motion court's finding that plea counsel was incorrect in stating at sentencing that Movant's Hope Home completion date was January 2018.  Our independent review of the record finds no such evidentiary support.

[6] Rule 84.14 provides, "The appellate court shall award a new trial or partial new trial, reverse or affirm the judgment or order of the trial court, in whole or in part, or give such judgment as the court ought to give. Unless justice otherwise requires, the court shall dispose finally of the case."