

# *In the*
# *Missouri Court of Appeals*
### *Western District*

| | | |
|---|---|---|
| **TIMOTHY L. DAVIS,** | ) | |
| | ) | |
| **Appellant,** | ) | **WD86678** |
| | ) | |
| **V.** | ) | **OPINION FILED:** |
| | ) | **JANUARY 14, 2025** |
| **STATE OF MISSOURI,** | ) | |
| | ) | |
| **Respondent.** | ) | |

**Appeal from the Circuit Court of Pettis County, Missouri**
The Honorable Robert Koffman, Judge

Before Division Three:  Mark D. Pfeiffer, Presiding Judge, Gary D. Witt, Judge and
Thomas N. Chapman, Judge

Timothy Davis ("Davis"), appeals a judgment from the Circuit Court of Pettis County, Missouri ("motion court"), denying after an evidentiary hearing, his amended motion for post-conviction relief pursuant to Rule 24.035.[1]  In Davis's sole point on appeal, he argues the motion court clearly erred in denying his motion because he received ineffective assistance of counsel in that Davis's plea counsel:

> failed to explain possible defenses to the crime charged, including the defense that despite the fact a small amount of methamphetamine was found inside of a baggie that was on Mr. Davis's person that does not mean Mr. Davis knew of the presence and nature of the controlled substance that was inside of the baggie.  Instead, the defense could have argued to a jury

---

[1] All Rule references are to the Missouri Supreme Court Rules (2024).

that the possession of the baggie was simply possession of drug paraphernalia and not possession of a controlled substance.

Because Davis's claim on appeal was not asserted in his amended post-conviction motion, the claim has been waived and is not subject to our review. The motion court's judgment denying Davis's amended 24.035 motion is affirmed.

## Factual and Procedural Background

Davis was charged with committing the class D felony of possession of a controlled substance as he possessed a baggie that contained methamphetamine, in violation of section 579.015. On January 12, 2021, Davis entered into an *Alford*[2] plea for this offense. The factual basis for the guilty plea was as follows:

On August 22, 2020, at nearly 2 a.m., Officer was dispatched due to a "suspicious person pulling on doors and looking into windows." Officer located Davis and saw him come "from behind the dumpsters." Davis consented to a search of his person, and Officer located "a small baggie of a white powdery substance that appeared to be methamphetamine" in Davis's front left pant pocket. Davis was subsequently placed under arrest. The crime lab determined the substance in the baggie was methamphetamine.[3]

Prior to entering his plea, Davis understood that entering into an *Alford* plea meant that he was not willing to admit the facts alleged against him, but that he was willing to admit that if the case went to trial there was a likelihood or probability of conviction.

---

[2] *North Carolina v. Alford*, 400 U.S. 25 (1970).
[3] Neither the baggie nor the lab report was admitted into evidence at the PCR hearing.

2

Davis was sentenced with the execution of the sentence suspended, and he was placed on supervised probation. Subsequently Davis violated his probation, and on May 11, 2021, his probation was revoked, and Davis was ordered to serve an eleven-year sentence for this matter and another matter.

Davis timely filed a *pro se* motion for post-conviction relief. Davis's appointed counsel filed an amended motion raising five claims. As relevant here, Davis alleged his plea counsel was "ineffective for failing to investigate and advise [Davis] as to a viable defense to the charge of possession of a controlled substance because the baggie found on his person contained merely residue and constituted no more than possession of paraphernalia." Davis argued the baggie only contained residue, which was insufficient to show present possession of a controlled substance, and thus counsel was ineffective for failing to investigate and advise Davis of this defense. An evidentiary hearing was held.[4]

Davis testified that he met with plea counsel once or twice before entering his plea. Davis stated his plea counsel did not have the discovery when they met and that counsel never discussed a possible defense that the baggie constituted no more than possession of paraphernalia. Davis testified that had plea counsel discussed this possible defense, Davis would not have pled guilty. Davis testified "the baggie that was found in my pocket, I guess it tested positive for a substance. If so, I would be willing to plead guilty to a misdemeanor drug paraphernalia, because that's all it constitutes. But that's what I tried to get my counsel to do." Davis further testified that the baggie "was residue,

---

[4] A combined evidentiary hearing was held to address post-conviction issues as to this matter and for Davis's *Alford* plea in a different case.

3

it was drug paraphernalia. I'm not – I'm not denying that. If it did test positive, it – it's drug paraphernalia. I'm not denying that fact at all, you know." Davis testified that at the time he entered into the plea he did not contest or object to the factual basis because plea counsel did not. Davis testified: "I accepted the Alford plea because my attorney would not do nothing for me. Every time I'd bring something up to him, he would give me ill advisements, like, we'll just proceed to trial, you know, so I accepted the Alford plea to get back out of jail."

Plea counsel also testified at the hearing. Plea counsel testified he had been practicing law for over forty years and that he met with Davis prior to the plea, but could not remember how many times. Plea counsel did not recall having a conversation with Davis that the baggie constituted no more than paraphernalia and stated that he did not recall "if the lab report suggest[ed] it was only residue." Plea counsel testified he was aware of what it takes to prove possession of a controlled substance and was aware of the potential defenses that could be raised. While plea counsel did not have specific memory of this case, he agreed that it is his pattern of activity in representing people in similar circumstances to determine whether a residue defense would be applicable. Plea counsel testified that at the time of the plea, Davis did not request to go to trial. Plea counsel testified had Davis not entered the plea, he would have taken the case to trial.

The motion court issued findings of fact and conclusions of law denying Davis's amended 24.035 motion.[5] The motion court found Davis was not credible. The motion

---

[5] The motion court initially issued joint findings for both cases in a single document, however, the court failed to address two claims raised in the amended post-conviction motion.

4

court found plea counsel investigated and analyzed the evidence, and advised Davis of all possible defenses. The only evidence presented at the hearing that the baggie contained only residue was Davis's testimony. The motion court further noted there was no plausible defense available as to the amount of substance in the baggie, and given the fact Davis had knowledge of the lab report, this defeated any argument that Davis did not make a knowing, voluntary plea. The motion court held Davis failed to show plea counsel was ineffective and found Davis's plea was a knowing and voluntary one. This appeal follows.

## Standard of Review

"Appellate review of the outcome of a Rule 24.035 motion is limited to determining whether the [motion] court's findings and conclusions are clearly erroneous." *Hecker v. State*, 677 S.W.3d 507, 511 (Mo. banc 2023) (citing Rule 24.035(k)). The motion court's findings are presumed correct and this Court defers to the motion court's credibility findings. *Id.*

---

Davis filed a motion to amend the judgment, which the motion court failed to act upon. As such, on appeal, this Court remanded the matter to the motion court requiring it to make the required findings as to the two unresolved claims. *See Davis v. State*, 673 S.W.3d 482, 489 (Mo. App. W.D. 2023).

**Analysis**

Davis raises a single point on appeal and argues his plea counsel was ineffective because he "failed to explain . . . the defense that despite the fact a small amount of methamphetamine was found inside of a baggie that was on [Davis's] person that does not mean [Davis] knew of the presence and nature of the controlled substance that was inside of the baggie." Davis's argument before us is different than what he argued before the motion court. Rule 24.035(d) provides that a movant "shall include every claim known to [them] for vacating, setting aside, or correcting the judgment or sentence." A movant's failure to raise an issue in a Rule 24.035 motion subsequently waives the issue. *Hoskins v. State*, 329 S.W.3d 695, 699 (Mo. banc 2010).

In Davis's amended 24.035 motion, he asserted: "Trial counsel was ineffective for failing to investigate and advise movant as to a viable defense to the charge of possession of a controlled substance because the baggie found on his person contained merely residue and constituted no more than possession of paraphernalia." Davis argued that there was only residue of methamphetamine, indicating past use, and that "[m]ere residue is no indication of present possession." The crux of Davis's argument was that plea counsel failed to investigate and advise him of a legal defense that the amount of substance found in the baggie was not sufficient to secure a conviction for possession of a controlled substance. Now on appeal, Davis acknowledges that this would not have provided him with a valid legal defense and raises a different argument. Davis's sole point relied on is as follows:

6

The motion court clearly erred in denying claim 8.A(2) of Mr. Davis's amended motion for postconviction relief pursuant to Rule 24.035 in violation of his rights to effective assistance of counsel and due process of law as guaranteed by the Sixth and Fourteenth Amendments to the United States Constitution and Article I, Sections 10 and 18(a) of the Missouri Constitution, in that, prior to his plea hearing, *plea counsel failed to explain possible defenses to the crime charged, including the defense that despite the fact a small amount of methamphetamine was found inside of a baggie that was on Mr. Davis's person that does not mean Mr. Davis knew of the presence and nature of the controlled substance that was inside of the baggie.* Instead, the defense could have argued to a jury that the possession of the baggie was simply possession of drug paraphernalia and not possession of a controlled substance. Had defense counsel acted reasonably and explained this defense to Mr. Davis, he would not have [pled] guilty and would have proceeded to trial.

(emphasis added).

Davis abandons his previous argument that plea counsel failed to "investigate and advise" him of a defense that the small amount of the drug residue in the baggie was insufficient to prove possession of a controlled substance. Davis actually concedes his previous position and acknowledges that "the motion court is correct that even if the defendant only has residue in a pipe or bag that still constitutes legally sufficient evidence to secure a conviction for unlawful possession of a controlled substance." *See State v. Gillum*, 574 S.W.3d 766, 769 (Mo. App. S.D. 2019) ("Missouri's drug statutes do not establish a minimum amount necessary to sustain a conviction for illegal possession.") (internal citation and quotation omitted); *State v. Taylor*, 216 S.W.3d 187, 192-93 (Mo. App. E.D. 2007) ("[W]hether the amount in issue is called a residue, a trace amount, or a modicum of the illegal substance is of no import.").

However, now on appeal, Davis argues that plea counsel failed to advise him that he had a viable factual argument that could have been made to a jury that he was not

7

aware of the presence and nature of the controlled substance due to the small amount of the drug in the baggie. In other words, Davis's previous argument focused on plea counsel's alleged failure to investigate and advise him of a legal defense, which he now acknowledges would have been unsuccessful, regarding the *amount* of substance, whereas now Davis's argument is that plea counsel failed to advise him of a factual defense which may have been argued to the jury regarding Davis's *lack of awareness as to the presence and nature of the substance*. These two alleged defenses are substantially and distinctly different. "Claims are waived where they are not directly presented in the motion for postconviction relief – the presentation of evidence otherwise relevant to a claim does not preserve other possible claims relevant to that evidence, but not directly presented in the post-conviction motion." *Barajas v. State*, 565 S.W.3d 760, 765 (Mo. App. S.D. 2019) (internal citation and quotation omitted). As such, since Davis's argument on appeal was not raised in his amended 24.035 motion, this claim is waived. *See Hoskins*, 329 S.W.3d at 699; *Flenoy v. State*, 446 S.W.3d 297, 304 (Mo. App. W.D. 2014).

Moreover, in Davis's point relied on he also asserts that plea counsel "could have argued to a jury that the baggie was simply drug paraphernalia."[6] Only once in the

---

[6] We have a difficult time discerning what Davis is trying to argue. Nevertheless, this renders Davis's point relied on multifarious. *See State v. Putfark*, 651 S.W.3d 869, 879 (Mo. App. W.D. 2022) ("Multiple claims of error in one point relied on renders the point multifarious and as such is a violation of Rule 84.04, made applicable to briefs in criminal appeals by Rule 30.06(c)."). Davis's argument is not readily understandable, and as further discussed above, the argument is not subject to our review. *See State v. Dodd*, 637 S.W.3d 659, 666 (Mo. App. W.D. 2021) ("[W]e prefer to decide cases on the merits where an appellant's argument is readily understandable . . . .").

argument portion of his brief does Davis address this argument by merely asserting: "Instead, [plea counsel] could have argued that the baggie was simply just drug paraphernalia. *See State v. Baker*, 912 S.W.2d 541, 546 (Mo. App. W.D. 1995)." It is well established that every appellant, "must develop the contention raised in the point relied on in the argument section of the brief." *State v. Edwards*, 280 S.W.3d 184, 190 (Mo. App. E.D. 2009) (internal quotation omitted). Davis fails to elaborate on this argument and thus it is abandoned. *Id.* ("A point is considered abandoned if a party fails to support a contention with relevant authority or argument beyond conclusions.").

## Conclusion

Davis's claim on appeal is substantially different than what was asserted in his amended 24.035 motion and presented before the motion court. Therefore, the claim has been waived and is not subject to appellate review. We affirm the judgment of the motion court.

_____
Gary D. Witt, Judge

All concur